MARY B. SHELBY V. JOHN A. CREIGHTON.

FILED JULY 1, 1902. No. 11,669.

Commissioner's opinion, Department No. 3.

1. **Judgment:** BASED ON PREMISES: CONCLUSIVE. Where a judgment is necessarily based on certain premises, such premises are equally conclusive, in a subsequent action between the same parties, as the judgment itself.

2. **Sale to Trustee:** TRUST PROPERTY: CESTUI QUE TRUST: OPTION. A sale to a trustee, of the trust property, is not void at all times and under all circumstances. Ordinarily, the *cestui que trust* has the option to affirm or repudiate such sale. An unreasonable delay in making such election will be construed as an affirmance.

3. **Administrator:** EXECUTOR: TRUSTEE: ORDER OF COURT: CESTUI QUE

TRUST.   Where the administrator of the estate of an intestate,
who is also executor and trustee under the will of the sole heirs
to the personal estate of such intestate, becomes a purchaser
of a part of the personal estate, and, as such administrator,
accounts for the proceeds of such sale, and the record of the
court from which he received his appointment, on the final
hearing of his accounts, discloses that he was such purchaser,
a final order of such court, approving such accounts and dis-
charging said administrator, is conclusive on the *cestui que trust*,
having notice of such proceeding, on the question of the validity
of such sale, until reversed or set aside in a direct proceeding.

4. Action in Equity to Set Aside Final Order.   After such order has
stood for fifteen years, an action in equity to set it aside on the
ground of fraud or imposition, can not be maintained, unless it
appear that the facts constituting such fraud, were unknown
to the plaintiff at the time the order complained of was made.

5. Facts: LACHES: STATUTE OF LIMITATIONS.   On the facts stated, *held*,
that the plaintiff's cause of action is barred by her laches, as
well as by the statute of limitations.

ERROR from the district court for Douglas county.
Tried below before DICKINSON, J.   *Affirmed.*

*William D. Beckett* and *J. W. Woodrough,* for plaintiff
in error.

*James M. Woolworth* and *William D. McHugh, contra.*

ALBERT, C.

On the 5th day of November, 1874, Edward Creighton
died intestate, at Omaha, leaving a large estate, consist-
ing of both real and personal property.   He left no issue,
and his personal estate descended to his wife, whom we
shall hereafter refer to as Mrs. Creighton.   On the 20th
day of March, 1875, the defendant was appointed admin-
istrator of the estate of the intestate by the county court
of Douglas county.   At the time of his death, the intestate
was a member of the firm of E. Creighton & Co., which
owned a herd of cattle ranging in Nebraska and Wyoming,
and in the possession of T. A. McShane.   In January,
1875, Charles Hutton was appointed administrator of the
estate of the intestate in Wyoming by the probate court of

Albany county.   Under the laws of that territory in force
at that time the administrator was required to include the
whole of the partnership property in his inventory, ap-
praised at its true value, carrying out in the footings an
amount equal to the intestate's interest therein.   A sur-
viving partner was then permitted to retain possession
of such property upon giving the bond required by law,
and to close the partnership affairs.   He was required to
account to the probate court after the manner of an ad-
ministrator.   In pursuance of these provisions, on the
24th day of July, 1875, T. A. McShane, having made a
showing to the effect that he was a surviving partner of
the intestate in said firm, gave the statutory bond, and from
that time until 1877, administered on the partnership
estate.   On the 23d day of January, 1876, Mrs. Creighton
died, leaving a will, whereby she bequeathed a specific
sum and interest in the residuum of her estate to her
executors, to be held and invested by them, the interest
thereon to be paid to Joseph Creighton, during his life-
time, and thereafter to his children, until the youngest
surviving him should have attained its majority, when the
principal sum should be divided and distributed among
them.   Herman Kountze, James Creighton and the de-
fendant were named in the will as executors.   The will
was admitted to probate in the county court of Douglas
county, and the executors named therein duly qualified
and acted as such until the final settlement of the estate,
except James Creighton, who resigned before the estate
was closed.   On the 16th day of January, 1877, the pro-
bate court of Albany county made an order directing the
surviving partner, administering the firm property as
aforesaid, to dispose of the cattle at public auction on the
25th day of January, 1877.   In pursuance of this order,
the surviving partner offered the property for sale at the
place and in the manner directed by said order, and
sold it to the defendant.   On the 27th day of January
thereafter, he made report of the sale to the court direct-
ing same, which was duly approved and confirmed; and

on the same day he was appointed administrator *de bonis
non* of the estate of the intestate in Wyoming, the letters
granted to Charles Hutton having been revoked. On the
6th day of March, 1877, his final account as surviving part-
ner was approved by the probate court, and the amount
thereby shown to be due the estate, in pursuance of an
order of that court. passed from his hands as such part-
ner, to him as administrator of the estate, and, subse-
quently, to the defendant as administrator of the domicile.
The defendant as administrator of the domicile, having
received the money, acting under an order of the county
court of Douglas county, paid the same to the executors
of the will of Mrs. Creighton, who distributed it with the
other assets of the estate, in accordance with the terms of
the will. On the 12th day of March, 1883, the final ac-
count of the defendant as administrator of the estate of
Edward Creighton was approved, and on the 14th day of
March thereafter, he was discharged from his trust. On
the 16th day of October, 1893, Joseph Creighton died,
leaving the plaintiff, his only child, surviving him. On
the 11th day of November, 1893, Herman Kountze and the
defendant herein delivered to plaintiff in this case certain
bonds and notes, and paid her a sum of money, which she
acknowledged to be in full satisfaction and discharge of
all liabilities due her as daughter and heir of Joseph
Creighton, as well as of all liabilities due her in the estate
of Edward Creighton, deceased, under the will of Mrs.
Creighton. By writing under her hand of that date she
released and discharged the defendant and Herman
Kountze, as executors of the will of Mrs. Creighton and
as trustees of the fund hereinbefore mentioned. The other
executor had resigned before that time. On the 15th day
of February, 1894, some question having arisen as to the
regularity of the sale of the cattle in Wyoming to the de-
fendant, Herman Kountze and the defendant commenced
an action in the district court for Douglas county against
the plaintiff in this case and her husband, praying that
an account might be taken of their dealings and trans-

actions in respect to their said trust, and asking that the accounting between them and the defendant be ratified and confirmed and they be discharged from all liability on account of the said trust. The defendants in the cause just referred to made default and a decree was rendered in accordance with the prayer of the petition. From the foregoing it will be seen that the sale of the cattle of the firm of E. Creighton & Co. to the defendant by T. A. McShane, as a surviving partner of the intestate, was in pursuance of an order of the probate court of Albany county, Wyoming, from which letters of administration on the estate of the intestate in that jurisdiction had issued and that at the time of such sale the defendant was administrator of the estate of the intestate in Nebraska, and one of the executors and trustees under the will of Mrs. Creighton, to whom the whole of the personal estate of her husband, the intestate, had descended.

This action was brought and prosecuted on the theory that the sale of the cattle to the defendant was invalid and inoperative to change his trust relations to the property, because T. A. McShane was not in fact a surviving partner of the intestate in said firm, and, because of defendant's trust, he could not become a purchaser of the trust property in his own behalf. The plaintiff, therefore, as one of those in whose favor the trust was created by the terms of the will of Mrs. Creighton, asks, among other things, that the defendant be required to account for her share of all the said cattle, and the proceeds and profits arising therefrom.

The defense was conducted on the following lines: (1) That the order of the probate court of Albany county, Wyoming, whereby T. A. McShane was permitted to administer on the partnership estate and to wind up its affairs as surviving partner, is conclusive in this case on the question of his relation to said firm; (2) that his relations to the estate in Nebraska did not render him incompetent to purchase at a sale of its property in another jurisdiction by another administrator; (3) that by the

orders of the probate courts, and the decree of the district court, the plaintiff is estopped to question the validity of the sale; (4) that the plaintiff is bound by her settlement with the defendant and his co-trustees; (5) that the plaintiff has been guilty of laches in the premises; (6) that the action is barred by the statute of limitations. The trial court found for the defendant, and decreed accordingly. The plaintiff brings the case here on error.

On the question, whether T. A. McShane was a member of the firm of E. Creighton & Co., in our opinion, the plaintiff is concluded by the proceedings had in the probate court of Wyoming. Chapter 47 of the Compiled Laws of Wyoming of 1876 relates to the settlement of the estates of decedents, and was in force when such proceedings were had. Five sections of that chapter are as follows:

"Sec. 45. The executor or administrator on the estate of any deceased member of a copartnership, shall include in the inventory, which he is required by law to return to the probate court, the whole of the partnership estate, goods and chattels, rights and credits, appraised at its true value, as in other cases, but the appraisers shall carry out the footing, an amount equal only to the deceased's proportional part of the copartnership interest.

"Sec. 46. The property thus appraised, shall remain with the executor or administrator, or be delivered over, as the case may be, to the surviving partner, who may be disposed to undertake the management thereof, agreeably to the conditions of a bond, which he shall be required to give to the Territory of Wyoming, in such sum, and with such securities as is required in other cases of administration.

"Sec. 47. The condition of such bond shall be, in substance, as follows: 'The condition of the above bond is, that if A. B., surviving partner of the late firm of ———, shall use due diligence and fidelity in closing the affairs of the late copartnership, apply the property thereof towards the payment of the partnership debts, render an account, upon oath to the probate court, whenever by it

thereunto required, of all the partnership affairs, including the property owned by the late firm, and the debts due thereto, as well as what may have been paid by the survivor towards the partnership debts, and what may still be due and owing therefor, and pay over, within one year, unless a longer time be allowed by the probate court, to the executor or administrator, the excess, if there be [any] beyond satisfying the partnership debts, then the above bond to be void, otherwise to remain in full force.'

"Sec. 48.   The probate court shall have the same authority to cite such survivor to account, and to adjudicate upon such account, as in case of an ordinary administrator, and the parties interested shall have the like remedies, by means of such bond, for any misconduct or neglect of such survivor, as may be had against administrators.

"Sec. 49.   In case the surviving partner, having been duly cited for that purpose, shall neglect or refuse to give the bond required in the forty-sixth and forty-seventh sections of this title; the executor or administrator on the estate of such deceased partner, in giving a bond, as provided in the following sections, shall forthwith take the whole partnership estate, goods and chattels, rights and credits, into his own possession, and shall be authorized to use the name of the survivor in collecting the debts due the late firm, if necessary; and shall with the partnership property pay the debts due from the late firm, with as much expedition as possible, and return or pay to the surviving partner his proportion of the excess, if there be any."

From the foregoing it appears that the probate courts of that territory, in addition to the jurisdiction ordinarily exercised by such courts in probate matters, had jurisdiction to adjust the account between a surviving partner and the estate of his deceased copartner, and to supervise the winding up of the partnership affairs.   To that end, a surviving partner, upon compliance with the provisions of sections 46 and 47 *supra,* was permitted to administer on the partnership estate and was held to account after the manner of an administrator.   While the cattle in

question sometimes crossed the Nebraska line, it sufficiently appears that such instances were rare and accidental, and that their real situs was in Wyoming, and within the jurisdiction of the probate court which granted administration on the estate in that territory. Administration was granted on an application made in due form, and after service of process according to law. T. A. McShane, who was in possession of the cattle, claiming the right of possession as surviving partner of the intestate, was also within the jurisdiction of that court. The jurisdiction of the probate court in the premises was therefore complete, not only for the ordinary purposes of administration, but also for the purpose of adjusting the accounts of the said firm, and supervising the winding up of its affairs. After the jurisdiction of the probate court was complete and administration had been granted on the estate, T. A. McShane made a showing to the court that the property in question was the property of the firm of E. Creighton & Co.; that he was a surviving partner of the intestate in such firm, and, as such, made application to administer the firm property, in accordance with the provisions of the statute hereinbefore quoted. His application was granted. Subsequently, his final account of his administration as surviving partner was settled and allowed by the probate court, and he was discharged from his said trust. The decree of the probate court of Albany county, Wyoming, settling and allowing the account of T. A. McShane as surviving partner, is analogous to a decree settling and allowing the final account of an administrator. Such decrees are conclusive, upon all parties, of every matter involved, until reversed or set aside in a direct proceeding. 1 Herman, Estoppel, p. 392; 2 Black, Judgments, sec. 644. An estoppel by judgment or decree extends to all matters upon which it must have been founded. In other words, the judgment is a conclusion, and, if necessarily drawn from certain premises, such premises are conclusive as the judgment itself. *Burlen v. Shannon,* 99 Mass., 200; *Perkins v. Walker,* 19 Vt., 144;

*Hayes v. Shattuck,* 21 Cal., 51; *Tuska v. O'Brien,* 68 N. Y., 446. The decree settling and allowing the final account of T. A. McShane as surviving partner, while a part of the probate proceedings, was in effect an adjustment of partnership accounts, and necessarily involved the question of his relation to the firm. That he was a member of such firm, is a proposition necessarily involved in the decree. In our opinion, the decree is as conclusive upon that proposition as one adjusting the accounts between partners, entered by a court of equity, in a suit between partners, brought for that purpose would be.

It is next urged by the plaintiff that the defendant, by reason of his trust relations to the property, was not competent to purchase, and consequently that the sale to him was void. The argument on this point proceeds on the assumption that a purchase, by a trustee of trust property is void at all times and under all circumstances. Loose expressions of some courts and text-writers would appear to warrant that assumption, but the weight of authority is against it. *Hammond v. Hopkins,* 143 U. S., 224; *Van Dyke v. Johns,* 1 Del. Ch., 93; *Litchfield v. Cudworth,* 15 Pick. [Mass.], 23; *Munn v. Burges,* 70 Ill., 604; *Boyd v. Blankman,* 29 Cal., 19; *Musselman v. Eshleman,* 10 Pa. St., 394; *Foxworth v. White,* 72 Ala., 224; *In re Patterson,* 20 Atl. Rep. [N. J.], 486; *Morgan v. Fisher,* 82 Va., 417. The rule appears to be that, on the purchase of property by a trustee, the *cestui que trust* has the option to take the benefit of such purchase, or to treat the sale as valid, but his decision must be made within a reasonable time. An affirmance of the sale will be implied from an unreasonable delay. In addition to the foregoing cases, see *Wiswall v. Stewart,* 32 Ala., 433; *Davoue v. Fanning,* 2 Johns. Ch. [N. Y.], 252; *Jackson v. Walsh,* 14 Johns. [N. Y.], 407; *Follansbe v. Kilbreth,* 17 Ill., 522. Assuming, then, that the defendant stood in the relation of trustee to the property in question,—a point we do not decide,—still the sale to him, at most, was voidable, and one which the plaintiff, or others bearing the relation of *cestui que trust*

to the property, had the unquestionable right to affirm. The final accounts of the defendant as administrator of the estate of Edward Creighton were approved and allowed by the county court of Douglas county in 1883, and the administrator discharged. Before that time it was a matter of record in that court that he was the purchaser at the sale of the property in question. The proceeds were accounted for by him, and distributed as part of the assets of the estate, under an order of the court. Mrs. Creighton was sole heir to the personal estate. Her interest therein, and the amount thereof she would have received, had she lived, would have been measured by the decree of distribution, based on the approved accounts of the administrator. On her death, her interest passed to her executors, but would still be measured by the same standard. The plaintiff claims under the will of Mrs. Creighton, and of necessity, her claim must be for a share of the interest thus ascertained. In other words, in the absence of special circumstances which do not appear in this case, the decree of the county court is as binding on the plaintiff as it would have been on Mrs. Creighton, had she lived. The jurisdiction of the county court of Douglas county over the estate of Edward Creighton is unquestioned. Due notice of the time and place of the hearing on the final settlement of the administrator was given. Personal service of such notice was had on the plaintiff in this case. No objection was lodged by her against the accounts of the administrator, nor was any complaint made by her of the sale in question. She was under no disability. The final decree of the county court in the premises, has never been reversed, vacated or set aside. Such decree necessarily involves an approval of the accounts of the administrator, and as such accounts included the proceeds of the sale of the property in lieu of the property itself, and were approved by the court with full knowledge of the fact that the sale had been made to the defendant, the approval of such accounts was an approval and affirmance of such sale. Such a decree is conclusive on all parties to it, of every

matter involved, and constitutes a bar to further proceedings concerning the same matter, not only in courts of probate jurisdiction, but in all other courts. *Hartman's Appeal,* 36 Pa. St., 70; *Baker v. Runkle,* 41 Mo., 391, 392; *Bulkley v. Andrews,* 39 Conn., 523, 524; *McWilliams v. Kalbach,* 55 Ia., 110; *Waring v. Lewis,* 53 Ala., 615. Acquiescence in such decree by the plaintiff must be held to amount to an election on her part to affirm the sale. In our opinion, the plaintiff is concluded, on the question of the validity of the sale to the defendant, by the final decree in the matter of the estate of Edward Creighton.

But it is insisted on behalf of the plaintiff that such decree was obtained by fraud and imposition. Were that conceded, still the decree would not be void, but binding until set aside in a proper proceeding. *Christmas v. Russell,* 5 Wall. [U. S.], 290; *McRae v. Mattoon,* 13 Pick. [Mass.], 53; *Smith v. Smith,* 22 Ia., 516. If it be urged that a part of the relief sought in this action is to set aside that decree, the answer is that the evidence fails to show that the plaintiff was not as fully cognizant of the manner in which the decree was obtained at the time it was entered, as she was when this suit was commenced. Therefore, she has not shown herself entitled to such relief, and the decree stands a bar to her recovery in this action. The foregoing, we think, disposes of this case. It may not be out of place to add that the sale took place more than twenty-five years ago. It stood unchallenged by the plaintiff for more than twenty years. For fifteen years of that time the fact of the sale and that it had been made to the defendant was, as we have seen, a matter of record, in a proceeding to which the plaintiff was a party, and of which she had notice by personal service of process. The sale was before the probate court in Wyoming, in 1877. It was before the county court of Douglas county in the settlement of the estate of Edward Creighton in 1883. It was, at least incidentally, before the same court in the matter of the estate of Mrs. Creighton. Plaintiff's attention, in the nature of things, must have been invited

to it in her settlement with the defendant and his co-trustee in 1893. Investigation was again invited by the action brought by the defendant and his co-trustee in the district court of Douglas county in 1894 against the plaintiff for the re-examination and approval of their accounts as trustees under the will of Mrs. Creighton, in which, acting on the advice of counsel, the plaintiff in this case, suffered default. Her first complaint of the sale appears to have been made in 1898, when this action was commenced. It is not shown that she was under any disability during any portion of this time. She was not examined as a witness in this case. In view of the circumstances, ignorance of the facts during all these years can not be imputed to her. While we have put the decision on other grounds, it seems to us that, in the light of all the facts, the finding of the district court that the plaintiff's cause of action is barred by her own laches, as well as by the statute of limitations, is amply warranted.

It is recommended that the decree of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.