JOHN A. McCREARY ET AL., APPELLANTS, V. JOHN A. CREIGHTON ET AL., APPELLEES.

FILED MARCH 22, 1906. No. 14,108.

1. **Case Followed.** *Shelby v. Creighton,* 65 Neb. 485, approved **and** followed so far as applicable to the present issues.

2. **Infants:** JUDGMENT: VACATING: LIMITATIONS. A judgment **of a** court of competent jurisdiction against a minor defendant properly served and represented will not be set aside on account of the minority of the defendant, unless the action for that purpose is commenced within one year after the minor arrives at the age of twenty-one years, as provided in section 442 of the code; after that time a judgment against a minor defendant will be set aside only for such causes as are sufficient to set aside **a** judgment against an adult.

3. ———: JUDGMENT. A minor, suing as a plaintiff on a cause of action, will be bound by the judgment rendered therein the same as an adult would be, if the suit was brought and prosecuted **in** good faith for the minor's benefit.

4. **Judgment:** RES JUDICATA. Prior judgment rendered in the matter of the estates of Edward Creighton and of Mary Lucretia Creighton, and pleaded as a defense in this action, examined, and *held* to constitute a bar to the cause of action instituted by the plaintiffs herein.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Henry P. Stoddart,* for appellants.

*Woolworth & McHugh, J. J. O'Connor* and *J. A. C. Kennedy, contra.*

OLDHAM, C.

Plaintiffs in this action are four of the six surviving children of Mary A. McCreary, and as such children are legatees of the will of Mary Lucretia Creighton, wife of Edward Creighton, deceased. They bring this action for an accounting against John A. Creighton, as administrator of the estate of Edward Creighton, and against John

A. Creighton, Hermann Kountz, and James Creighton, as executors and trustees of the will of Mary Lucretia Creighton. The other two surviving children of Mary A. McCreary having refused to join as plaintiffs in the action were named as defendants. There was a trial of the issues before one of the judges of the district court for Douglas county, Nebraska, and a judgment in favor of defendants, from which plaintiffs have appealed to this court.

A suit, involving practically the same issues and instituted by Mary B. Shelby, daughter and only child of Joseph Creighton, and likewise a legatee of the will of Mary Lucretia Creighton, was before this court for review and adjudication in the case of *Shelby v. Creighton*, 65 Neb. 485, to which reference will be made as to such of the issues as are common to the two cases.

The facts underlying the controversy are that on the 5th day of November, 1874, Edward Creighton, a resident of Douglas county, died, intestate, seized and possessed of a very valuable estate of both personalty and realty. John A. Creighton was duly appointed and qualified as administrator of the estate in Nebraska. Deceased left a widow, Mary Lucretia Creighton, but no children surviving him, and, according to the laws of this state, the personalty all descended to the widow. On January 23, 1876, Mary Lucretia Creighton, widow of Edward Creighton, died testate, leaving a will, which was duly admitted to probate in Douglas county, and in which John A. Creighton, Hermann Kountz, and James Creighton were named as executors and trustees of the funds of the estate. By this will, about three-twentieths of the estate was to be held in trust by the executors of the will and the interest thereon was to be paid to Mary A. McCreary, sister of Edward Creighton, during her life, and at her death the trust funds were to be distributed among her children on their coming of age. Mary A. McCreary departed this life on November 15, 1898.

At the time of his death, Edward Creighton was pos-

sessed of an interest in the partnership firm, known as "Edward Creighton & Company," which owned a large herd of cattle and horses and ranch furniture and fixtures in the state of Wyoming.   On the 19th day of January, 1875, one Charles H. Hutton applied to the probate court of Albany county, Wyoming, for letters of ancillary administration on the estate of the intestate situated in the territory, now state, of Wyoming.   At this time Thomas A. McShane, a member of the partnership firm, was in possession of the herd of cattle in Wyoming, and resisted the application of Hutton for letters of administration, claiming the right, under the statutes of Wyoming, to administer upon the estate as a surviving partner of the firm. The provisions of the statutes of Wyoming, under which this application was made and granted, are set out in the opinion in *Shelby v. Creighton, supra,* and need not be repeated here.   Suffice it to say that McShane filed his bond, which was duly approved, and entered upon the administration of the affairs of the partnership and continued such administration until the year 1877.   The letters of administration issued to Hutton were revoked by a final order of the supreme court of the territory of Wyoming. On the 16th day of January, 1877, an application was made by McShane and other surviving partners for an order of the court to sell the partnership property in the city of Cheyenne on the 25th day of January following. When this sale was had, John A. Creighton, through his confidential clerk, bid the sum of $75,000 for the property, and, being the highest bidder, the property was sold to him.   The sale was duly reported to the Wyoming court and was confirmed.   Thomas A. McShane was appointed administrator *de bonis non* of the estate of Edward Creighton situate in Wyoming, and received from himself, as such administrator, the proceeds of the sale of the property and transmitted the same, by order of the Wyoming court, to John A. Creighton, the local administrator of the estate in Douglas county, who likewise transmitted the proceeds of the sale to the executors and trustees of the

will of Mary Lucretia Creighton. The executors and trustees then distributed the proceeds of the sale according to the provisions of the will. Thomas A. McShane thereafter made a final settlement of the estate of Edward Creighton in the territory of Wyoming and procured his discharge as administrator.

Thereafter, on the 8th day of April, 1879, John A. Creighton filed in the county court of Douglas county a final account of his doings as administrator of the estate of Edward Creighton, and asked for an allowance of the account and for his final discharge as such administrator. On the 10th day of May, 1879, Mary A. McCreary appeared by her attorney and filed her objections to the allowance of this account. An amendatory and supplementary account was filed by the administrator on November 17, 1879, and on the first day of March, 1880, Mary A. McCreary filed objections to the amended and supplementary account. Upon the hearing of the objections, the court found that several of the interested parties were not before the court, and accordingly ordered that a suit be brought in a court of competent jurisdiction, to which all parties in interest should be made parties, for the determination of the issues arising on the objections to the final account of the administrator. On December 2, 1880, in compliance with this order, Mrs. McCreary, for herself and all others similarly situated, instituted a suit, involving the identical issues now sought to be relitigated by her children, in the district court for Douglas county. Mr. McCreary, father of the plaintiffs, appeared as next friend of all the children, and on his application they were made parties plaintiff in the action. The coexecutors of John A. Creighton, namely, Hermann Kountz and James Creighton, also appeared by their attorney as parties plaintiff in the cause. During the pendency of this suit, it appears that John A. Creighton paid $50,000 to Mrs. McCreary in compromise of her claim against him, and this sum was added to the trust fund of her estate and subsequently distributed. The case, however, proceeded

to judgment, and, as appears from the record, all the testimony taken was considered by the court and the cause was argued by counsel for plaintiffs and defendant, and the court on full consideration of the issues found in favor of the defendant and rendered judgment on such finding on the 2d day of April, 1883. In the same year the final account of John A. Creighton, as administrator of the estate of Edward Creighton, was allowed and he was discharged by the probate court. In this proceeding, also, the plaintiffs were represented by a duly appointed guardian *ad litem*. No appeal was ever taken from either of these orders or judgments, and no suit was instituted to reopen these judgments until 1902, when the instant suit was filed.

In June, 1882, the trustees of the will of Mary L. Creighton tendered their resignation to the district court for Douglas county. Mary A. McCreary and all her children were made parties defendant in this suit, and a guardian *ad litem* was appointed for the minor defendants. Mrs. McCreary and her children in this action filed a petition, asking that John McCreary, plaintiffs' father, be appointed trustee of Mrs. McCreary's interest in the estate, instead of those resigning. After proof as to a proper administration of the trust was taken, the trustees were discharged, and John McCreary was appointed in their stead. John McCreary accordingly executed his bond and proceeded with the administration of the trust. The youngest of the plaintiffs arrived at majority on August 18, 1893, a little more than nine years before this suit was instituted. In the year 1893, the father, as trustee, made a distribution among the children according to the terms of the will. On January 10, 1895, plaintiffs and the other children of Mrs. McCreary, all being of full age, joined in signing a release of the sureties on the bond of their father as trustee of their interests in Mrs. Creighton's will.

Now, the questions which we are asked to readjudicate are: First, as to the validity of the proceedings of the probate court of Wyoming in the ancillary administration

of the estate in that territory by Thomas A. McShane; and, second, as to the validity of the purchase of the herd of cattle by John A. Creighton. Both of these questions were before this court in *Shelby v. Creighton, supra,* and with reference to the first it was there said:

"The decree of the probate court of Albany county, Wyoming, settling and allowing the account of T. A. McShane as surviving partner, is analogous to a decree settling and allowing the final account of an administrator. Such decrees are conclusive, upon all parties, of every matter involved, until reversed or set aside in a direct proceeding. * * * The decree settling and allowing the final account of T. A. McShane as surviving partner, while a part of the probate proceedings, was in effect an adjustment of the partnership accounts, and necessarily involved the question of his relation to the firm. * * * In our opinion, the decree is as conclusive upon that proposition as one adjusting the accounts between partners, entered by a court of equity in a suit between partners, brought for that purpose would be."

With reference to the bid of John A. Creighton, the Nebraska administrator, it was held that at most the sale under this bid was only voidable, and that an affirmance of the sale would be implied by an unreasonable delay of the *cestuis que trust* in disaffirming it.

We are next asked to examine the facts as to whether there was but one herd of cattle owned by the firm of Edward Creighton & Company, or whether there were two herds, as alleged by the plaintiffs, with the situs of one in Wyoming and the other in Nebraska. While this question seems to have been adverted to in the opinion in *Shelby v. Creighton, supra,* yet, as the testimony in that case is not before us, we will examine it in the light of the evidence contained in the bill of exceptions. The evidence, we think, clearly shows that there was but one herd of cattle and but one brand used by the firm of Edward Creighton & Company. The home ranch was located in Wyoming. It is true that at times portions of this herd

of cattle would stray eastward over the line and into this state, and it is true, as shown by the testimony, that some of these cattle were from time to time assessed for taxation in Cheyenne county, Nebraska, the boundaries of which county then extended to the Wyoming line. It is also true that a side ranch, or corral, was used by this company on Pumpkin Creek, in Nebraska; but the evidence clearly shows that this was merely an auxiliary to the home ranch, that herders were sent to this side ranch to round up the cattle that had drifted eastward into Nebraska, and that all of the business of the company was transacted from the home ranch in Wyoming. We have examined the testimony on this question, notwithstanding the fact that the identical question as to the existence of a herd of cattle in Nebraska belonging to this company was passed upon by the county court of Douglas county on the objections to the approval of the final report of John A. Creighton, as administrator, and was also passed upon specifically in the judgment and finding of the district court for Douglas county in the suit of Mary A. McCreary and others, referred to in the statement of this cause. There is no sufficient evidence in the record to show fraud or collusion in procuring any of the various judgments above set forth, all of which have been pleaded in bar of the present action. In the suit which Mary A. McCreary filed in the district court for Douglas county, these plaintiffs were impleaded as parties plaintiff by their father as next friend, and in every suit in which they were defendants they were represented by a competent, honorable, and learned member of the bar as guardian *ad litem*.

It is suggested that all these plaintiffs were minors when all these proceedings were had, except the one in which they released the bond of their father as trustee of their mother's portion of the estate of Mrs. Creighton. A judgment against a minor may be set aside on a slight showing of defense, where the application is made for that purpose within one year of the time the minor reaches the age of 21 years, as provided for in section 442 of the code. After

this period has expired, practically the same showing must be made to set aside a judgment rendered against a minor as is required when the judgment is rendered against one of full age. Now, while all of the judgments pleaded in bar, except one, were rendered against plaintiffs while they were minor defendants, yet in each of these cases the estate under which they claim was properly represented, and a judgment binding upon the estate is, of necessity, binding upon all shares of such estate bequeathed to residuary legatees. The general rule is that, when minors are plaintiffs in a cause of action and the suit is brought and prosecuted in good faith for their benefit, they will be bound by the judgment the same as adults would be. *Kingsbury v. Buckner*, 134 U. S. 650, and *Corker v. Jones*, 110 U. S. 317.

Against the judgment in the case in which these minors were plaintiffs, it is suggested that the minors did not know that the mother had received the $50,000, "peace money," from defendant John A. Creighton during the pendency of the suit. And from this fact they ask us to infer that the proceeding in the district court was a mere sham trial and not a good-faith judgment. This $50,000 was carried forward into the trust funds of the estate and was distributed as such by the executors, and plaintiffs have all participated in their share of the distribution. This judgment has stood unassailed for 20 years, for 14 years after the eldest, and nine years after the youngest plaintiff had reached their majority.

We think, in view of these facts, that plaintiffs are clearly estopped, not only by the judgments pleaded in bar of this action, but also by their own laches in bringing this suit. We therefore recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion the judgment of the district court is

AFFIRMED.