THOMAS J. MEADE ET AL., APPELLEES, V. ALOIS VANDE VOORDE, APPELLANT.

299 N. W. 175

FILED JUNE 27, 1941.   No. 31136.

*Beeler, Crosby & Baskins, Robert B. Crosby, Horace E. Crosby* and *L. A. DeVoe,* for appellant.

*Beatty, Maupin, Murphy & Derry, contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and THOMSEN and WENKE, District Judges.

THOMSEN, District Judge.

The defendant, as administrator of his wife's estate, sold all the assets of the estate to himself for sufficient to pay the debts. The sale was made on his application and by order of the county court. The administrator reported the sale and disposition of the money in his final account. The final account was approved and his discharge ordered upon filing vouchers.

The assets of the estate consisted of a school land lease on 640 acres in Keith county, Nebraska, valued with improvements, according to testimony, at approximately $13,-000. For administration purposes its appraised value was $5,000. No debts were formally filed against the estate, but the' administrator reported a total of $1,235.20, including cost of administration, and it was for this amount that the land lease was sold. The heirs received nothing.

The heirs, aside from the husband, are brothers, sisters, and one nephew of the deceased, and for the most part non-residents of the state. Service of the three statutory notices —hearing on petition for appointment of administrator, notice to creditors, and hearing on petition for final settlement—was by publication. No personal service was had, nor did any of these heirs appear at a hearing.

An administrator is forbidden by statute to be the buyer at his own sale. Comp. St. 1929, sec. 30-1118. However, if he becomes the purchaser, the sale is voidable. *Veeder v. McKinley-Lanning Loan & Trust Co.*, 61 Neb. 892, 86 N. W. 982; *Johnson v. Erickson*, 110 Neb. 511, 194 N. W. 670; Annotations, 1 A. L. R. 747, 111 A. L. R. 1362. The result is the same, even though he pays full value. Restatement, Restitution, sec. 192; *Johnson v. Erickson, supra.*

The present suit was brought in the district court by the heirs against the husband administrator. Plaintiffs' petition claims the defendant acted as trustee for the heirs, alleges

fraud, and asks for equitable relief. No evidence of actual fraud was shown, unless the disproportionate values and the circumstances can be said constructively to produce such result. The district court found the action to be one to impress a trust upon the title to the leasehold estate; that the defendant held in trust the distributive share of each heir except one who had conveyed to defendant; determined such distributive share after setting off to defendant his homestead right to one quarter; held the defendant to have a lien on the plaintiffs' respective interests for the proportionate share of each in the indebtedness of $1,235.20 paid by defendant in the administration of the estate and ordered disposition of such interests in the event of the failure of any plaintiff to pay. The court further ordered a subsequent accounting to be made of rents and profits accumulating since the administration. The plaintiffs object to no part of the decree. The defendant appeals.

Defendant, conceding the voidability of the sale, contends that the plaintiffs' failure to object and to appeal from the order approving the administrator's final account is a ratification of the sale. 24 C. J. 638; *Shelby v. Creighton,* 65 Neb. 485, 91 N. W. 369. Ratification with knowledge is a complete defense. But the failure to appear is merely evidence of ratification. Long continued acquiescence in the order approving the final account may evidence conclusive ratification. *Shelby v. Creighton, supra,* upon which defendant places sole reliance, demonstrates the effect of both knowledge and delay. Facts in that case distinguish it from the instant one. Estate property in Wyoming was sold there at public auction to John A. Creighton who was the Nebraska administrator. The property belonged to a partnership in Wyoming of which deceased was a member. The sale was conducted, under Wyoming law, by a surviving partner and approved by the Wyoming court. Hearing in Nebraska on the final account in the parent estate was six years later. Plaintiff, derivatively, had personal service of notice of such hearing. Ten years later and sixteen years after the sale she made a final written settlement, receiving

proceeds of estate of her father, releasing and discharging the administrators, and acknowledging the amount received to be in full satisfaction of inheritance from the Edward Creighton estate. Some question having arisen about the validity of the Wyoming sale, an action was brought in the district court (one and one-half years after the release) to confirm the accounting made to the plaintiff and to confirm the Wyoming sale. Plaintiff (defendant in that case) defaulted, and a decree was entered in accord with the prayer. Four years later her suit was brought. The sale had stood unquestioned for more than twenty years.

The instant case was brought within seven months of the sale and within three weeks of the entry of a supplementary decree. The heirs have received nothing. It is significant that in the *Creighton* case the court did not find that the purchaser "stood in relation of trustee to the property in question." That postulate, the court said, was *"a point we do not decide."*

Recognizing the proceedings in the county court as now binding on them, but denying any ratification by inaction, the plaintiffs assert the right to implant a trust upon the defendant's purchase of the property. 11 R. C. L. 369, sec. 440. In this we believe them to be right. Speedily asserting their claim, they are not guilty of laches. Lacking consent of the *cestui que trust,* courts have often held as a continued trust purchases of trust property by a trustee made at his own sale.

Restatement, Restitution, sec. 192; Restatement, Trusts, secs. 170, 205, 206, Comment b; 11 R. C. L. 361, sec. 427; L. R. A. 1918B, 35; *Kazebeer v. Nunemaker,* 82 Neb. 732, 118 N. W. 646; 24 C. J. 674.

Again, an heir may be said reasonably to expect customary events to follow in a probate proceeding. Service by publication advises heirs of the beginning and close of the administration of an estate, and of the ordinary events which proceed in between these notices in the routine of probate an heir may thus constructively be expected to be apprised. But extraordinary events, such as the sale of

personal property by the administrator to himself for much less than its true value, especially since forbidden by statute, strain the knowledge constructively to be acquired from these statutory notices. It has been held that such sales are void for want of jurisdiction. The failure to notify heirs, though not required by statute, prevents the court from authorizing or approving a sale to the administrator. The administrator is the trustee for the heirs. 23 C. J. 1170. In selling to others he acts for the heirs, but in selling to himself no one acts for them; thus notice to them is required, so says this authority. *Dugger v. Tayloe,* 60 Ala. 504; *Ligon v. Ligon,* 84 Ala. 555, 4 So. 405; *Bolling v. Smith,* 108 Ala. 411, 19 So. 370; *Bogart v. Bell,* 112 Ala. 412, 20 So. 511; *Allison v. Allison,* 114 Ala. 393, 21 So. 1008; *Washington v. Bogart,* 119 Ala. 377, 24 So. 245. Here we need not go so far as to hold the sale to be void on jurisdictional grounds; but when an administrator expects to become the purchaser at his own sale of personal property, to prevent a charge of fraud, fair respect for his obligation as agent for the heirs should prompt him to give notice. The failure to give such notice under the circumstances and the purchase of the property by himself for less than one-tenth of its real value and at one-fourth of the appraised value, unaccompanied by competitive bidding, furnish decisive evidence of fraud. In the sale of land for the payment of debts the heirs are amply protected by notice, a public auction, and, under certain circumstances, a special bond. Comp. St. 1929, sec. 30-1101 *et seq.* But no such statutory protection is afforded in the sale of personal property, and thus a special duty rests upon the administrator to dispose of personal property for the best interests of all those whom he is commissioned to represent.

The fact that the deceased was the defendant's second wife who came to him without dowry, that the property was his gift to her, that she bore him no children, and that the heirs are all her kin, not his, may to him rationalize the justice of his acts, but affords no protection against a method of proceeding that must be condemned. The precaution of a will by the wife would have avoided any difficulty.

No fact is here in serious dispute, and though in analyzing the facts and circumstances we have reached an independent conclusion (Comp. St. 1929, sec. 20-1925) we find the decree of the district court in all respects correct and in conformity with a rule which best will subserve justice.

AFFIRMED.