JOHN RICHARD NEARY ET AL., APPELLEES, V. JOHN NEARY
    ET AL., IMPLEADED WITH WILLIAM H. THORALD, APPEL-
    LANT.

FILED NOVEMBER 5, 1903.  No. 12,736.

1. **Action to Quiet Title:** TRUSTEE: MORTGAGEE: CAVEAT EMPTOR.  The
    rule of *caveat emptor* applies to purchasers or mortgagees of
    property from trustees, executors or other persons acting in fidu-
    ciary capacities.

2. **Trustee:** NOTICE.  A testatrix, who willed her property to her chil-
    dren, appointed her husband her sole executor, with power, when
    in his judgment it would best subserve the interests of the estate,
    to sell or exchange the property devised, provided the proceeds of
    such sale or transfer were reinvested in real estate, the title to
    which should vest in her children.  After testatrix's death, the
    husband remarried, and, as executor, conveyed property of the
    estate to his second wife without consideration, and soon there-
    after he and his wife joined in a mortgage upon the property
    conveyed, the money being paid to him and by him diverted to
    his own use.  The will was probated, and appeared of record and
    upon the abstract of title upon which the mortgagee relied in
    making the loan.  *Held*, That the mortgagee and his assignee
    were charged with notice of the want of power in the executor
    to place the legal title in the wife, and to mortgage any of the
    property of the estate.

APPEAL from the district court for Lincoln county: HAN-
SON M. GRIMES, JUDGE.  *Affirmed*.

*Beeler & Muldoon* and *H. S. Ridgley*, for appellant.

*Wilcox & Halligan, contra.*

KIRKPATRICK, C.

This is an appeal from a judgment of the district court
for Lincoln county, quieting the title to certain real estate
in North Platte in appellees herein, legatees of Sarah J.
Neary.  The questions in controversy arise upon the fol-
lowing facts:  In December, 1885, Sarah J. Neary died, a
resident of Lincoln county, being the owner of the real
estate in controversy.  She left a last will and testament,
under the terms of which she bequeathed to appellees, her
children, the real estate in question.  She appointed her

husband, John Neary, her sole executor, the appointment being made in the following provision of her will:

"Reposing confidence and trust in my beloved husband John Neary, I appoint him sole executor of this my last will and testament, and direct that he be not required to furnish any bond as such executor. I hereby empower my said executor, when in his judgment it shall be for the best interest of said estate herein bequeathed to my children, to sell or exchange any portion of said real estate, provided that the proceeds of any such sale or exchange shall be invested in real estate, the title to which shall vest in my children. Any real estate so purchased shall be treated in all respects as hereinbefore directed."

The will was duly admitted to probate, and John Neary accepted the trust, and entered upon the discharge of his duties as executor. Shortly after the death of testatrix, John Neary married Mary Jane Mackel, and soon thereafter, individually and as executor of the estate of Sarah J. Neary, deceased, he deeded to his new wife, Mary J. Neary, the property in controversy, the expressed consideration in the warranty deed which he executed being $5,000. It is not disclosed that his new wife possessed any separate property, and it is conceded that no consideration was paid for the conveyance. After receiving title, Mary J. Neary instituted a proceeding in court to cancel some apparent cloud upon the title, and, about eight months after she received title from her husband, she and her husband joined in a mortgage on the property to the Meed Loan & Trust Company for the sum of $1,800, which was paid to the husband and used by him, no part of it being reinvested for the benefit of the legatees of the will. The trust company soon after obtaining the note and mortgage, and before maturity, in the usual course of business, sold them to William H. Thorald, appellant. Default being made in the terms of the mortgage, Thorald instituted a foreclosure proceeding, which was prosecuted to decree and sale, appellant Thorald being the purchaser. None of the legatees in the will of Sarah J. Neary, appellees herein,

were made parties, nor were they parties to the proceeding to quiet title above mentioned. The will of Sarah J. Neary was duly recorded in the office of the recorder of deeds in Lincoln county, and appeared upon the abstract of title obtained by the trust company at the time it made the loan mentioned. Neither the trust company nor Thorald had any notice of the relation of the parties and the nature of the conveyance between them, other than such as they obtained from the abstract of title, the public records of Lincoln county, and from the identity of names of the parties to the conveyance. The will contained a provision that the property should be divided among the children when a son, named in the will, should reach his majority. This he did about a year before the commencement of this proceeding. The children were all minors at the time of the mother's death.

Judgment was entered by the trial court in favor of the legatees, canceling the mortgage of Thorald, and quieting the title to the premises in controversy in the children of Sarah J. Neary, deceased, share and share alike.

On the part of appellant it is contended that the trust company and its assignee, Thorald, are innocent purchasers of the premises to the extent of the mortgage mentioned; that evidence was inadmissible, as against the recitals of the deed, to show that Mary J. Neary never paid any consideration for the conveyance of the premises to her; that the executor had a right, under the terms of the will, to sell the premises; and that it was no part of the duty of the purchaser or mortgagee to see that the sale made should be *bona fide* and the proceeds reinvested for the benefit of the children; that, at most, the sale was merely voidable.

On the part of appellees it is contended that a purchaser or mortgagee was bound to take notice of the terms of the will and the power of the executor thereunder to convey; that, from the identity of names, the mortgagee was bound to take notice that Mary Jane Neary who signed the mortgage with John Neary, the husband, was the same Mary

24

J. Neary to whom John Neary had previously executed a conveyance of the property, and that the deed, being a conveyance by an executor of the property of the estate to his wife, was void under the law. Not all of the questions suggested require determination in this case.

It is not necessary to determine whether the conveyance from Neary to his wife constituted a void or voidable sale. It does not, in fact, appear to have been a sale at all, or to have been intended by the parties to be such. There was no consideration paid, no change of possession, and it seems only to have been intended by Neary and his wife as a plan to defraud the loan company. Under the terms of the will, the most that can be contended is that Neary might have made a *bona fide* sale of the property for a valid consideration, provided he reinvested the proceeds of the sale in other real estate, the title to which, by the terms of the will, would vest in the legatees of the deceased wife. We are not called upon to determine what the standing of the mortgagee would be, had a sale been made by Neary to his wife in good faith for a consideration of $5,000 actually paid, because that question is not presented in the case. Neither do we think that appellees are in any way bound by the consideration recited in the deed. While cases might arise in which parties to a deed would be estopped to dispute the consideration named, this is not such a case. The deed was an attempted fraud upon the children, in a transaction in which they were not parties, and they are at liberty to show the fact that no consideration was paid, and that, in fact, no sale of the property was ever made, but simply a fraudulent attempt to change the legal title from the children of the testatrix to the new wife. The actual ownership, the equitable title and, in fact, the legal title, remain exactly where it was placed by the will of the mother; the father never had title. He was simply empowered by the will to devest the title of the children in a certain way. This power he never exercised, and the fraudulent attempt he made was wholly inoperative.

The contention that the mortgagee was an innocent purchaser seems wholly without merit. We do not understand that any one can be an innocent purchaser of real estate, when there are open and obvious defects in the record title of such a nature as to disclose, upon examination, that the grantor has no title. In this case, the mortgagee and assignee claim to have acted upon an abstract of title, which we find in the record. This abstract shows the record title to the property in question to have been in Sarah Jane Neary. The abstract then shows the last will and testament of Sarah Jane Neary, deceased. This must be the foundation of the title upon which the mortgagee is to rely. A very slight examination would have disclosed that under the terms of the will, the title to the property vested in the children of the deceased testatrix. A mere glance at this will would have disclosed that the executor had no authority to mortgage the estate in any event, and could only make a sale or transfer of the property in a particular way. The mortgagee was bound to take notice of the limitations upon the power of the executor to convey. On the same page of the abstract is shown the conveyance of John Neary, as executor, to Mary J. Neary, then the mortgage under which appellant claims, executed within less than a year thereafter, and in the execution of which Mary J. Neary, the grantee in the deed, joins with John Neary, as wife.

The very slightest diligence in the way of investigation along the lines suggested by the abstract itself would have disclosed the nature of the entire transaction.

Something is claimed on behalf of appellant because of the certificate of a lawyer that the abstract showed good title in Mary Jane Neary. We think the average layman would have experienced no difficulty in ascertaining from the abstract and the records of Lincoln county, coupled with even slight diligence in the matter of making inquiries along the lines suggested by the records of the county and the occupation of the property itself, that the title to the property rested in appellees, and that

Mary J. Neary and her husband had no power to bind the property by the mortgage in controversy. The rule of *caveat emptor* applies with full force and vigor to purchasers of property from trustees, executors, and other persons acting in fiduciary capacities. The mortgagee in this case comes clearly within the rule. The cases of *Bachelor v. Korb,* 58 Neb. 122, and of *Veeder v. McKinley-Lanning Loan & Trust Co.,* 61 Neb. 892, are instructive cases upon the doctrine followed in this state. The judgment of the trial court seems in all respects to be right, and it is recommended that the same be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.