## MATTHEW GERING V. SCHOOL DISTRICT.

FILED MARCH 22, 1906.   No. 14,170.

1. Compromise: CONSIDERATION. A compromise, whereby one party agrees to pay and the other to receive a certain sum in satisfaction of a doubtful claim, rests upon a sufficient consideration.

2. ———: ———. But if the claimant, knowing that his claim is groundless, forces the other party to a compromise by threats of suit, there is no consideration and the compromise will not be enforced.

3. ———: ———. Forbearance to prosecute proceedings for the reversal of a judgment is a sufficient consideration for a compromise, and, unless the good faith of the claimant in pressing his claim is put in issue, whether he intended to prosecute such proceedings is immaterial.

4. Judgment: RES JUDICATA. One of the essentials of a judgment offered in support of a technical plea in bar is that it was rendered in a suit involving the same subject matter as that in which the plea is interposed, and, lacking that element, it is not available in support of such plea.

5. ———: ———. Where the second action is on a different claim or
demand, the judgment in the former operates as an estoppel only
as to those matters in issue upon the determination of which the
judgment was rendered.

6. ———: ———: Burden of Proof. In such cases the rule is that,
if there be any uncertainty in the record as to the issues actually
tried or adjudicated in the former suit, the whole subject matter
of the action will be at large, unless the uncertainty be removed
by extrinsic evidence, and the burden of proof is upon the party
relying upon the estoppel to show that a question raised in the
present suit was litigated and determined in that in which the
judgment was rendered.

7. Action: Compromise; Intimidation: Evidence. In an action upon
the promise of a school district to pay a certain amount in com-
position of a doubtful claim, one of the defenses was that the
claimant secured the adoption of a resolution for the compromise
by threats and intimidation, and there is evidence tending to
support such defense. *Held,* That evidence as to his reputation
in the vicinity, as to being peaceable or otherwise, was properly
received.

8. Declarations of parties made at a meeting where such resolution
was adopted, tending to show that they were intimidated and for
that reason left the meeting and refrained from voting on the
resolution, are properly receivable in evidence as a part of the
*res gestæ.*

Error to the district court for Cass county: Paul Jes-
sen, Judge. *Reversed.*

*A. N. Sullivan* and *Jesse L. Root,* for plaintiff in error.

*Byron Clark, contra.*

Albert, C.

From July, 1894, to July, 1897, C. Lawrence Stull was
treasurer of defendant school district. At the close of
his term he attempted to retain certain funds of the
district to pay himself for labor performed for the dis-
trict and interest paid on its registered warrants. Stull
and his surety were sued for funds thus retained. A
counterclaim and set-off for the amount of Stull's claim
was interposed. In the district court Stull confessed

and paid judgment for the amount of the defendant's claim. The costs accrued to that time amounted to $32.79. Immediately thereafter the suit proceeded on Stull's claim against the district, terminating in a verdict for defendant. The costs incurred in that contest amounted to $158.84. June 1, 1899, a motion for a new trial was overruled and judgment rendered on said verdict. The annual meeting of the electors of defendant district in 1899 was held June 26. There was presented to and adopted by said electors a resolution reciting the litigation between defendant and Stull and instructing the school board of defendant to settle with said Stull by paying him the sum of $61.25 and all the costs in said suit. Mr. Stull thereupon forbore to prosecute error proceeding to this court, and thereafter the moderator and director of the district executed a warrant for the sum of $252.88, including therein, not only the $61.25 due Stull, and the costs of the action, $158.84, which Stull had not paid, but the $32.79 adjudged against Stull at the time he confessed judgment in favor of the district. The treasurer refused to pay or register this warrant. Stull sought to compel by mandamus the registration of said warrant. The court refused the writ, because the warrant was for a greater sum than the district was liable for under its settlement, and because Stull had not paid the $158.84. Thereafter, to prevent sale of his property on execution, Stull paid the costs, $158.84, the district was to pay, and the $32.79 he was liable for. A second mandamus suit was disposed of, because the district had not authorized a warrant in the sum of $252.88. Stull thereafter became indebted to plaintiff, and sold and assigned to him his claim against defendant. In the county court Judge Douglass rendered judgment in favor of Mr. Gering. In the district court one jury disagreed, but at the November, 1904, term of said court a verdict was rendered in favor of the school district. The petition embraces the facts just stated, and prays judgment against the defendant school district.

Among other matters set up in the answer are the following: "Defendant further denies that at the time the alleged resolution was pretended to have been passed there was any school district meeting or election of said district in session; but in this alleges that said school district meeting, by reason of the threats and intimidations of said Stull, was adjourned, and a majority of the electors had returned to their homes through fear; *   *   *   and that, if any such resolution was passed, it was passed after said meeting had adjourned and said electors were driven away by the actions of the said Stull and others with him, and that said resolution was never adopted or passed by said district, or a majority of the lawful electors thereof, either at said meeting or at any other time." The defendant also pleads an estoppel based on the two judgments in the proceedings in mandamus. The cause was tried to a jury, who returned a verdict for the defendant. The plaintiff prosecutes error.

From the foregoing statement it will be seen that the consideration relied on by the plaintiff to support the alleged settlement between Stull and the school district was the abandonment of his right to prosecute error to this court from the judgment dismissing his action against the district, and for costs, rendered in the district court for Cass county on the 1st day of June, 1899. The court instructed the jury that there were five issues of fact involved in the case, and which they were called upon to determine, and that the burden of proof was upon the plaintiff to establish each of such issues by a preponderance of the evidence. One of such issues was thus stated by the court in its instructions to the jury:   .

"Was C. Lawrence Stull, on or about the 26th day of June, 1899, intending and preparing to have reviewed in the supreme court of Nebraska, in the ordinary manner, a judgment rendered against him in the district court for Cass county, Nebraska, June 1, 1899, in which case the said Stull was plaintiff and school district 28 in Cass

county, Nebraska, was defendant?"   It seems clear to us
that the trial court erred in submitting the foregoing ques-
tion to the jury.   It is well settled, in fact is elementary,
that the compromise of doubtful claims is valid, the mu-
tual release of their respective rights by the parties and
the avoidance of the expense and annoyance of litigation
being a sufficient consideration for the composition.   But
it is also elementary, that to render such compromise
valid the parties must concur in supposing the right to
be doubtful, for if the claimant, knowing his demand to
be groundless, forces the other party to a settlement by
threats of suit the compromise will not be upheld.   *Fitz-
gerald v. Fitzgerald & Mallory C. Co.*, 44 Neb. 463; *Prater
v. Miller*, 25 Ala. 320, 60 Am. Dec. 521; *Schnell v. Nell*,
17 Ind. 29, 79 Am. Dec. 453; *Tucker v. Ronk*, 43 Ia. 80.   If
Stull's *bona fides* in asserting his claim against the school
district had been put in issue, we can readily see, in the
light of the foregoing rule, how his intentions with re-
spect to prosecuting an appeal would be material.   But
no such theory was submitted to the jury; that is to say,
no instructions were given covering the theory that his
claim was groundless, and that he, knowing it was ground-
less, forced a compromise by threats of further litigation.
In fact, in more than one instruction the court recog-
nized Stull's forbearance to prosecute error as a sufficient
consideration to support the compromise contemplated by
the resolution adopted at the school meeting.   But in each
of such instructions the jury were told in effect, that the
validity of the compromise would depend on whether at
the time, Stull intended and was preparing to prosecute
error from the judgment.   We are unable to see how his
intentions or his preparations to prosecute error could
be material in such circumstances.   At the time the com-
promise was made Stull had a right to institute proceed-
ings for a reversal of the judgment.   It is elementary that
if a person has a right at law his forbearance to institute
legal proceedings to enforce or protect it is a valid consid-
eration and sufficient to support a composition.   The right

to have a judgment against him reviewed in an appellate court was a legal right, and forbearance to institute proceedings for that purpose was a valuable consideration. *Read v. French*, 28 N. Y. 285; *Russell v. Daniels*, 5 Colo. App. 224; *Matthews v. Merrick*, 4 Md. Ch. 364. The consideration for the compromise was the forbearance of his right to prosecute error, and not the abandonment of an intention to do so. A party may in good faith assert a claim against another for damages for breach of contract. If both concur in the belief that it is a doubtful claim, it will support a compromise, although the party asserting the claim may have had no intention of resorting to an action to enforce it. The value of a consideration does not always consist of its value to the party who surrenders it, but sometimes consists wholly of its value to the party to whom it moves. In this case, while Stull may have had no intention of carrying the litigation to this court, yet the defendant had a perfect right to protect itself against a change of his intentions in that regard, and assure itself beyond a peradventure that the litigation was ended. For these reasons, we think the district court erred in submitting the question of Stull's intentions with respect to instituting proceedings for the reversal of the judgment to the jury.

But the defendant contends that the plaintiff must fail in any event, for the reason that he is concluded by the judgments rendered in the two proceedings in mandamus instituted by Stull, his assignor, because, as he asserts, the issues in those cases were precisely the same as those raised in this action. The argument upon this branch of the case is somewhat confusing because of the failure to distinguish between a judgment urged as a technical bar to another action and one that is urged merely as conclusive upon the parties as to one or more of the issues involved. This distinction is made clear in *Cromwell v. Sac County*, 94 U. S. 351, quoted at some length in *Hanson v. Hanson*, 64 Neb. 506, and is recognized by all text writers. Without stopping to enumerate all the essentials

of a judgment which will constitute a technical bar to another action between the same parties or their privies, it may be said that all writers agree that there must be an identity of subject matter; that is, the subject matter of the suit in which the judgment was rendered, must be the same as that involved in the suit in which the judgment is urged as a bar. *Hamilton Nat. Bank v. American L. & T. Co.,* 66 Neb. 67, 82, and authorities cited. But, where the second action is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue upon the determination of which the judgment was rendered. *Cromwell v. Sac County, supra,* and *Hanson v. Hanson, supra.*

In the present case, the plaintiff's claim is based on a contract. His two applications for a writ of mandamus were based on the alleged refusal of the respondents to perform a plain ministerial duty. It is quite clear therefore that the subject matter involved in those proceedings was different from that involved in the case at bar, and that the judgments rendered therein are not available in support of a technical plea in bar of this suit. Those judgments, then, if available to the defendant in this case for any purpose, are available only to the extent that some material issue was litigated and determined in one or both of those actions, and as to any such issue the judgment or judgments by which it was determined are conclusive upon the parties. But, from an examination of the record in the two mandamus cases, it is impossible to determine upon what grounds the applications were denied. From the pleadings it is clear that some of the issues raised are identical with some of those raised in the present action. But in addition to such issues there was involved in each application the further issue, whether the respondents were in default of an official duty which the court would enforce by mandamus. From the nature of the pleadings the applications might have been denied for reasons in nowise affecting the merits of the present cause; for example, on the grounds alleged in the petition

filed in this case. The rule is that, if there be any uncertainty in the record, as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which judgment was rendered, the whole subject matter of the action will be at large and open to a new contention, unless the uncertainty be removed by extrinsic evidence showing the precise point involved and determined. *Russell v. Place,* 94 U. S. 606; *Lewis v. Ocean N. & P. Co.,* 125 N. Y. 341; *Bell v. Merrifield,* 109 N. Y. 202, 4 Am. St. Rep. 436; 1 Freeman, Judgments (4th ed.), sec. 276; *Belleville & St. L. R. Co. v. Leathe,* 84 Fed. 103; *Geary v. Bangs,* 138 Ill. 77; *Augir v. Ryan,* 63 Minn. 373. The burden of showing that a question raised in the present suit was litigated and determined in the former trial is upon the party alleging it. *Ryan v. Potwin,* 62 Ill. App. 134; *Zoeller v. Riley,* 100 N. Y. 102, 53 Am. Rep. 157. The record utterly fails to show that any of the material issues involved in this case were determined in the mandamus proceedings. It follows, then, that the judgments rendered upon those applications not only constitute no bar to this action, but are not, upon the record presented, conclusive upon any of the issues involved.

Complaint is made because the court, over defendant's objection, admitted evidence to the effect that Stull had a reputation in the neighborhood where he resided for being of a quarrelsome disposition. One of the theories of the defense was that Stull, plaintiff's assignor, and others instigated by him, in order to secure the adoption of the resolution for the compromise of Stull's claim against the school district, so conducted themselves at the school meeting as to raise a reasonable apprehension that opposition to the resolution would result in a breach of the peace on their part, and, in consequence, that a large number of the electors, some of whom were women, left the meeting before a vote was taken on the resolution, which would have been defeated but for such intimidating tactics. There may be some doubt whether the answer presents

the foregoing theory of the defense. But we are not required to pass upon that question. Neither do we care to embarrass the parties in the future progress of the litigation by any expression of opinion as to the sufficiency of the evidence to warrant a submission of that theory to the jury. But, assuming the sufficiency of the answer in that regard, and that the evidence tends to show that Stull and his followers thus conducted themselves, then, evidence as to his reputation, as to being peaceable or otherwise, would tend to show the effect of such conduct on the minds of the electors, and for that purpose such evidence was properly received. Counsel assert that evidence of that character is never admissible in a civil action. That is a mistake. In *Golder v. Lund* 50 Neb. 867, this court said:

"We can certainly see no reason why it is not proper, in support of such a defense, to make proof of the plaintiff's character in a civil action for assault and battery as much as in a prosecution for homicide; but in such cases the proof must be of the plaintiff's general reputation."

Complaint is also made because the court received evidence of statements made by some of the electors upon leaving the meeting as to their reason for leaving, to the effect that they were leaving because they expected trouble over the resolution. It is argued that such statements are self-serving declarations and hearsay. But the statements were made at the meeting by electors who were a part of the meeting. They appear to have been made spontaneously, and, in view of the theory of the defense above stated, were properly received, we think, as a part of the *res gestœ*. In *Mathews v. Great N. R. Co.*, 81 Minn. 363, where declarations of a party as to his reason for going to a certain place were received in evidence, the court, in passing upon the competency of such evidence, said:

"The evidence was competent, for it falls within the rule that when it is material to show the purpose or reason

for the departure of a person, or of an act done by him, his declarations of his purpose, or reason for so doing, made at or about the time he acts, if made in a natural way, and without any circumstances of suspicion, are admissible as original evidence." Citing 1 Greenleaf, Evidence (16th ed.), secs. 162*d*, 162*e; State v. Hayward,* 62 Minn. 474; *O'Connor v. Chicago, M. & St. P. R. Co.,* 27 Minn. 166; *Mutual Life Ins. Co. v. Hillmon,* 145 U. S. 285, 12 Sup. Ct. Rep. 909; *Commonwealth v. Trefethen,* 157 Mass. 180.

Other questions are discussed, but the probablity that they will arise upon another trial is too remote to justify discussing them at this time.

For the error in the charge to the jury hereinbefore pointed out, it is recommended that the judgment of the district court be reversed and the cause remanded for a new trial.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.