JOHN G. THOMASSEN & GEORGE J. THOMASSEN, Appellants, v. JOHN DE GOEY, THE BANK OF REASONER and E. L. VALENTINE, Sheriff, Appellees.

**Executions:** SALE OF PROPERTY AFTER LEVY. The interest of one holding a contract for the purchase of land is subject to levy and sale and the lien, which attaches to the interest in the land and not merely the contract, cannot be divested by a subsequent surrender of the contract.

**Sale on execution:** COLLATERAL ATTACK. Irregularities in a sale on execution which do not render the sale void should be taken advantage of by motion to set the sale aside, they cannot be questioned in an injunction proceeding.

**Contracts:** ASSIGNMENT. A contract which by its terms is non-assignable may still be transferred subject to all defenses which would have been available against the assignor.

*Appeal from Mahaska District Court.*— HON. W. G. CLEMENTS, Judge.

MONDAY, FEBRUARY 11, 1907.

ACTION to enjoin delivery of a sheriff's deed. Decree dismissing bill, and plaintiffs appeal.— *Affirmed.*

*W. H. Keating* and *George J. Thomassen,* for appellants.

*L. A. Wells* and *J. F. & W. R. Lacey,* for appellees.

WEAVER, J.— On February 27, 1904, John G. Thomassen, then the owner of the land in controversy, entered into a written contract for its sale to William Van Wyk, who made a partial payment on said purchase and took possession of the premises. On September 22d of the same year the appellee John De Goey, having obtained a judgment against Van Wyk in the district court of Marion county, caused a transcript of the same to be filed in Mahaska county, and on the same day, under an execution issued upon said judgment, the sheriff of the latter county levied upon said land. Sale under said levy was had on October 31, 1904, at which the property was struck off to said De Goey. On October 26, 1905, three days before the expiration of the period of redemption, acting upon the theory and claim that Takje Van Wyk, wife of the judgment defendant, was the owner of a one-half interest in the contract, the plaintiff George J. Thomassen took from her and her husband a quitclaim deed of the property. About the same time it is claimed that William Van Wyk verbally abandoned and surrendered his said contract of purchase to the seller John G. Thomassen, and soon after gave up the possession and has since made no claim to the land. Within a day or two after this transfer and surrender to the plaintiffs this action was begun in equity to restrain the issuance of a sheriff's deed on the claim that the sale or attempted sale of the interest of Wm. Van Wyk in said land was ineffectual to pass any interest to the purchaser. The district court dismissed the bill, and plaintiffs appeal.

Both the case and the appeal are without merit. The attempt of the plaintiff George J. Thomassen to trace title through the wife of William Van Wyk has no support in the evidence, and we need not further consider it. That the interest of Van Wyk in the land by virtue of his contract of purchase was

1. EXECUTIONS: sale of property after levy.

property and subject to levy is elementary. Counsel seem to argue the appeal on the theory that the levy of the execution was in some manner a levy upon the contract of purchase, rather than upon the judgment debtor's interest and property right in the land, but this is not correct. The judgment became a lien upon the Van Wyk interest in the land from the date of the levy of the execution, if not before, and no conveyance or voluntary surrender by Van Wyk thereafter made or attempted could have the effect to take that interest from under the levy or defeat the sale which had been made. True, if the contract was one in which a right of forfeiture had been reserved to the seller and good cause of forfeiture has arisen, he could have enforced it against the purchaser at sheriff's sale in the same manner and to the same extent that he could have enforced it against Van Wyk. But no such forfeiture has been attempted, and the purchaser at the sale is entitled to a deed pursuant to the sheriff's sale. This gives him no unjust advantage for he takes the property subject to the seller's rights under the contract. If the seller gets the price for which he stipulated, and may still enforce his contract according to its letter and spirit, he is not in position to complain.

It is claimed that there were some irregularities in the notice and in the conduct of the sale. It is possible that such irregularities existed, and they might have furnished good or plausible ground for a motion to set aside the sale; but they did not render such sale absolutely void, and it cannot be questioned or set aside in injunction proceedings. Moreover, the alleged irregularities are not clearly established by the evidence.

2. SALE ON EXECUTION: collateral attack.

Reliance is also placed on the fact that by the terms of the contract of sale it was not assignable, and that provision was made for strict forfeiture upon failure of Van Wyk to perform any portion of his agreement. A stipulation of non-assignability in a contract

3. CONTRACTS: assignment.

will not prevent its transfer to an assignee, subject, of course, to all defenses which would have been available in the hands of the assignor. Code, section 3046. There have been no steps taken to effect a forfeiture as the statute provides, and to hold that, whenever a levy is made upon an equity in land held by the debtor under contract, the seller and purchaser may by mutual agreement wipe out the contract and defeat the levy, would be to open an easy and effective avenue to gross fraud.

Counsel for appellant have favored us with a very elaborate and ingenious brief of fifty-seven distinct legal propositions, fortifying each by an array of numerous authorities. It is manifestly impracticable for us to take the time or space to discuss the cases cited. We have examined them all and find nothing in them inconsistent with the conclusion hereinbefore announced.

The decree of the district court is right, and it is *affirmed*.