ASA J. KAZEBEER, APPELLANT, V. S. F. NUNEMAKER ET AL., APPELLEES.

FILED NOVEMBER 19, 1908. No. 15,384.

1. **Judgment in Partition:** CONCLUSIVENESS. District courts have jurisdiction under the constitution and the code to partition real estate; and, when all of the parties interested in a tract of land are before the court in such suit, its judgment fixing the shares of the parties, directing partition, and later confirming a sale of said real estate is final, and the parties thereto, in the absence of fraud upon the face of the proceedings, are estopped thereby, although said judgment is erroneous and would have been reversed on appeal.

2. ————: SALE: BONA FIDE PURCHASER. A *bona fide* purchaser under said decree will be protected by section 508 of the code, even though the judgment is thereafter reversed.

3. **Partition:** JURISDICTION. The failure of plaintiff to file with the clerk of the district court documentary proof of title to the land involved in partition will not deprive the court of jurisdiction.

4. **Judicial Sales:** REVERSAL OF JUDGMENT. The word "reversal" employed in section 508 of the code contemplates a reversal in any proceeding in any court having authority to set aside the judgment.

5. **Judgment as Bar.** A judgment rendered in one proceeding will not support a technical plea in bar in another, unless the same subject matter was involved in each action.

6. ———. Collateral matters which did not properly enter into the final account of a guardian are not concluded by the judgment thereon.

7. Guardian and Ward: ACCOUNTING: ESTOPPEL. The guardian of K., an infant, purchased lands of his ward at a partition sale. The guardian included in his final account in the county court the purchase price for said land, and the account was settled and allowed by said court. The fact that the guardian purchased at said sale without an order of the district court permitting him to bid on the land did not appear in his report, nor was it brought to the attention of the county judge by the ward, who, although present in court when said account was allowed, refused to accept said money from his guardian. *Held*, That the judgment allowing said account did not estop the ward from contesting the legality of the sale of his lands to his guardian.

8. ———: PURCHASE BY GUARDIAN: RECORD: BONA FIDE PURCHASERS. In the foregoing case the conduct of the guardian was fraudulent, and the purchase by him voidable at the option of the ward; and the record in the partition proceedings was notice of that fact to all persons claiming title under the guardian.

9. Infants: JUDGMENT IN PARTITION: IMPEACHMENT. The infant upon attaining his majority could maintain an action to impeach the judgment in partition, to cancel the deed to his guardian and subsequent conveyances affecting said title, for an accounting, and such other relief as was essential to do complete justice in the premises.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Affirmed in part.*

*Field, Ricketts & Ricketts,* for appellant.

*R. M. Proudfit, contra.*

ROOT, C.

In 1892 David J. Kazebeer died testate in Saline county, Nebraska, seized in fee simple of 400 acres of land. His will, which was duly probated, provided: "It is my wish and desire that the rest, residue and remainder of my property, both real and personal, be divided equally between my children, share and share alike, but I further request that such division of the property be not made

until my children shall become of age." Eight children, including plaintiff, who was but six years of age, survived the testator. In July, 1893, a daughter, who had attained her majority, commenced an action to partition said land, making the other children, upon whom process was duly served, defendants. One Hall, guardian of the defendants, answered for them, and a guardian *ad litem* was appointed by the court, who also answered by way of a general denial. The court found that plaintiff and the defendants each owned an undivided one-eighth of said real estate and that said land should be partitioned. After a report of the referees that the land could not be partitioned without greatly depreciating the value of the shares of each child, 320 acres of said land were sold to the grantor of the defendant Nunemaker, and 80 acres to the guardian Hall. It appears that Hall's purchase was by virtue of an oral agreement with one of the children, and, in conformity therewith, Hall conveyed the land to said devisee when he became 21 years of age, but, upon the failure of said grantee to pay the purchase money, the land was reconveyed to Hall, who later sold it to defendant Dorman. Plaintiff, shortly after he became of age, commenced this action to set aside the judgment in partition, for an accounting of the rents and profits of the land subsequent to the sale thereof, and for partition of all of said real estate, claiming an undivided one-eighth part thereof. The district court found for defendants, and plaintiff appeals.

1. Plaintiff argues that the will of the deceased prohibited a partition of the land until all of the testator's children were adults; that the petition in partition did not state facts sufficient to constitute a cause of action in plaintiff's favor, and that the judgment of partition was null and void, of which fact all persons claiming title through said proceedings had notice. Numerous authorities are cited to establish that the courts will not partition land if the will of the owner postpones a division until a certain day. The cases arose upon a request for the con-

struction of a will, or on appeal from a judgment in partition, and did not decide that the judgments referred to were void. In a valuable note by Professor Freeman to *Carter v. White,* ·101 Am. St. Rep. 852; 864 (134 N. Car. 466), will be found an admirable discussion concerning the elements essential to support a valid judgment in partition. Generally three controlling facts must appear: (1) That the court pronouncing the judgment had jurisdiction of the subject matter. The district courts have that power. (2) That the parties in interest were before the court so as to be bound by its decree. The judgment in the partition proceedings recites that due and legal service was made upon each of the minor defendants, and this is not controverted. (3) That the subject matter was properly presented to the court for decision. Counsel assert that, as a copy of the will was attached to and made a part of the petition, it appeared beyond contro· versy that the devisees under said will did not have a present right to partition said land, and the court could not pass a valid judgment in a case not before it.

The plaintiff in her petition prayed for partition. She thereby tendered the issue of whether she and the minor defendants were cotenants of the land, and whether she was entitled to a partition thereof, and a decision in her favor would be valid until reversed in some proceeding known to the law. *Oliver v. Montgomery,* 39 Ia. 601; *Edson v. Munsell,* 12 Allen (Mass.), 600; *Herr v. Herr,* 5 Pa. St. 428, 47 Am. Dec. 416; *Brandhoefer v. Bain,* 45 Neb. 781; *Staats v. Wilson,* 76 Neb. 204. In the Nebraska cases last cited, the court proceeded in partition under a law that was unconstitutional and void, and yet the decree was held good on collateral attack. In neither of said cases did the facts stated entitle plaintiff to the relief awarded, but the court had jurisdiction of the subject matter and of the parties, and its judgment was upheld. It is not contended that the parties to the Kazebeer partition suit were not vested with title to the land in question, nor that they would not eventually be entitled

to partition thereof, so therefore the parties and their
title were before a court vested with authority to establish
beyond controversy not only that title, but that the will
authorized a partition of the property. In partition pro-
ceedings the court may construe a will and thereby settle
the rights of the parties thereunder. *Fisher v. Fisher*, 80
Neb. 145. We do not consider that it is necessary to con-
strue the will in the instant case, but the judge who en-
tered the decree in partition is a jurist of much more than
ordinary ability and renown, and his judgment is entitled
to consideration. He might have taken the view that the
testator not having provided that a trustee should hold
title to or manage the land intermediate his death and
the majority of his youngest child, nor that any one other
than his children should enjoy the rents and profits of
the farm during that term, the provision against partition
was repugnant to the devise and void. In that he would
have found some possible support in adjudicated cases.
*Greene v. Greene,* 125 N. Y. 506, 21 Am. St. Rep. 743. The
cases of *Tindall v. Peterson,* 71 Neb. 160, and *Brandon v.
Jensen,* 74 Neb. 569, cited by plaintiff, are not in point.
They relate to cases wherein the administrator had secured
license for the sale of, and had sold, a homestead of the
intestate. It will be observed that the administrator had
neither title to nor right of possession of the homestead;
that the proceedings were strictly *in rem,* and that the
title of the heirs was not submitted for the adjudication
of the court. In the partition proceedings every person
interested in or having any title to the real estate was
before the court, and it had complete jurisdiction to ren-
der the judgment that it did.

Plaintiff also argues that the judgment in partition is
void because documentary proof of title to support the
petition was not filed with the clerk of the district court
in conformity with section 809 of the code. The decree
in partition recites that the case came on for considera-
tion on "the pleadings, evidence and testimony." There
is nothing in the record of this case to show that docu-

mentary evidence was not submitted or filed in the partition suit, nor would such failure deprive the court of jurisdiction. *Mills v. Miller*, 2 Neb. 299.

Plaintiffs has not made any of the parties to the original judgment defendants herein, but their successors in interest only. Plaintiff does not contend that a money judgment could be recovered against plaintiff in the partition suit, even if the judgment should be reversed, and disclaims any intention to ask therefor, but asserts that the present owners of the land and the land itself are the sole objects of pursuit herein. We therefore consider this case as affecting the rights only of the purchasers of the land. All sales made by order or decree under the direction of the court and requiring confirmation by the court are judicial sales. Rorer, Judicial Sales (2d ed.), sec. 29. A partition sale is a judicial sale. *Burden v. Taylor*, 124 Mo. 12, 27 S. W. 349. Section 508 of the code provides: "If any judgment or judgments, in satisfaction of which any lands or tenements are sold, shall at any time thereafter be reversed, such reversal shall not defeat or affect the title of the purchaser or purchasers; but in such case restitution shall be made by the judgment creditor of the moneys for which such lands or tenements were sold, with lawful interest from the day of sale." Counsel argue that said section does not have reference to proceedings by an infant to vacate an erroneous judgment against it. In a well reasoned opinion written by Mr. Commissioner Irvine, in *Manfull v. Graham*, 55 Neb. 645, it was held that the word "reversal" in section 508 of the code applied to the action of any court vacating a judgment, and that the policy of the law was to protect purchasers at sales under judgments which had been rendered by courts of competent jurisdiction, no matter how erroneous might be the proceedings leading up thereto. To hold otherwise would work incalculable injury, and depreciate every parcel of land offered at judicial sale. The authorities cited by plain-

tiff, with one possible exception, so far as we are advised, relate to instances where a party to the proceedings had purchased and still retained title to the land. The case of *Blanton v. Rose,* 70 Ark. 415, 68 S. W. 674, cited by plaintiff, does not commend itself to our judgment. Possibly Arkansas has not enacted a statute in terms like section 508 of our code, but, whether it has or not, the reasoning in said case is in conflict with that of Mr. Commissioner IRVINE in *Manfull v. Graham, supra,* and will not be followed. The defendants Nunemaker, who hold title to the north half of section 7 in town 5, range 2 east of the sixth P. M., Saline county, are within the protection of *McAusland v. Pundt,* 1 Neb. 211, and *Green v. Hall,* 43 Neb. 275, and should be protected, and, as to them, the judgment of the district court should be affirmed.

2. A different question is presented as to the defendants Dorman and the south half of the southeast quarter of section 12, in town 5, range 1, east of the sixth P. M. Said land was purchased by plaintiff's guardian, Richard E. Hall, and defendants Dorman hold title thereto by virtue of said transaction. It is a well-settled rule of law that a purchase by a trustee or agent of the particular property of which he has the sale, or in which he represents another, carries fraud on the face of it. *Michoud v. Girod,* 45 U. S. *503; *Carpenter v. McBride,* 3 Fla. 292, 52 Am. Dec. 379; *Winter v. Truax,* 87 Mich. 324, 24 Am. St. Rep. 160; *Frazier v. Jeakins,* 64 Kan. 615, 57 L. R. A. 575; *Veeder v. McKinley-Lanning L. & T. Co.,* 61 Neb. 892. Richard E. Hall answered in the partition suit as guardian for the infant defendants. The referees reported that they had sold 80 acres of the land to Richard E. Hall, and there was nothing upon that record to evidence that said purchaser had ever applied to the court for permission to bid at the sale. All persons dealing with the title were warned that Hall represented not only infants, but those of very tender years, and that it was his solemn duty under the statute to conserve and protect the estate of his wards. No one purchasing that land

during the infant's minority could be a *bona fide* purchaser without notice. *Albers v. Kozeluh,* 68 Neb. 522; *Neary v. Neary,* 70 Neb. 319. Nor does the defense that the guardian in good faith purchased the land for one of the infant defendants upon an agreement that the land should be conveyed to said ward upon his majority for the amount of the guardian's bid, and that the transfer was actually made, appeal to us so far as plaintiff is concerned. Hall's duty was alike to each ward. His duty to plaintiff was to exert every reasonable effort to cause the land to be sold for the highest amount possible. His duty toward the other infant, as its agent, was to secure the land as cheaply as possible. He could not acquit himself of one obligation without, to say the least, disqualifying himself from performing the other. Mr. Chief Justice Beasley in *Staats v. Bergen,* 17 N. J. Eq. 554, very succinctly sums up the proposition: "So jealous is the law upon this point, that a trustee may not put himself in a position, in which to be honest must be a strain upon him." Where a person cannot purchase an estate for himself, he cannot buy it as agent for another. *Ex parte Bennett,* 10 Ves. Jr. (Eng.) 381.

3. It is urged that inasmuch as the one-eighth part of the proceeds of the sale of said 80 acres was accounted for by the guardian, and his accounts duly settled by order of the probate court after notice to and appearance by plaintiff after he attained his majority, said judgment is a bar to this action. It is not suggested, nor could it be successfully maintained, that the claim or demand in the instant case is identical with that presented in the county court, and therefore we are not to consider the answer of the Dormans as a technical plea in bar. *Gering v. School District,* 76 Neb. 219. It remains to be ascertained whether any of the points tried and determined in said accounting constitute an essential element of plaintiff's cause of action or defendants' defense herein. Referring to the principle that a fact once litigated between parties shall thereafter not be controverted by

either, an eminent writer says: "The estoppel extends to all steps involved in the judgment as necessary steps or the groundwork upon which it must have been founded. It is allowable to reason back from a judgment to the basis upon which it stands, upon the obvious principle that if a conclusion is indisputable, and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion." 1 Van Fleet, Former Adjudication, sec. 217. See, also, *Burlen v. Shannon*, 99 Mass. 200, 96 Am. Dec. 733; *Cromwell v. County of Sac*, 94 U. S. 351; *Hanson v. Hanson*, 64 Neb. 506; *Gering v. School District, supra*. There is nothing in the record to indicate that Hall reported to the county judge that, in a partition sale of the land owned by his ward, he had purchased the 80 acres of land, either for himself or as agent for plaintiff's brother, and that the proceeds of that sale were included in his report, nor that plaintiff herein requested the county court to reduce his guardian's account so as to exclude the purchase price of the land. Matters only collaterally introduced upon the consideration of a guardian's accounts, and not adjudicated in the decree of settlement, do not conclude the infant. *Jessup v. Jessup*, 102 Ill. 480; *Taylor v. Calvert*, 138 Ind. 67. It appears that plaintiff has not accepted, and refuses to receive, any of said money from his guardian, and, in our judgment, the proceedings in the county court did not preclude him from maintaining his action against the Dorman land.

4. It is suggested that part of the proceeds of said sale have been applied in maintaining plaintiff during his infancy. In the state of the record we are not advised as to the exact fact. No bill of exceptions was settled, and the transcript of what purports to be a stipulation of fact cannot be considered by us, so we must be guided by the pleadings and the decree. If it did affirmatively appear that the guardian applied some of the proceeds of the sale of said land for plaintiff's benefit during his infancy, that fact would not be any defense to this action.

*Rowe v. Griffiths,* 57 Neb. 488; *Bachelor v. Korb,* 58 Neb. 122.

5. The defense of adverse possession cannot be maintained because Hall's possession had its inception during plaintiff's infancy, and this action was commenced within a few months of his majority. Citations are not necessary to sustain this self-evident principle of law.

6. We are not altogether certain that defendants challenge the form of these proceedings, but the action seems to have been properly instituted as to the Dormans at least. Hall's conduct was fraudulent as to plaintiff's rights, and the decree might be impeached for that reason and to that extent. Such seems to be the law in Illinois. *loyd v. Kirkwood,* 112 Ill. 329. In Nebraska the distinctions between actions at law and suits in equity and in the forms of such actions are abolished, and but one form of action is recognized. Code, sec. 2. It therefore is immaterial whether the action is prosecuted under the code or one of the recognized heads of equity jurisprudence, provided the facts alleged bring the plaintiff within either jurisdiction. It appearing that parties other than the guardian were asserting an interest in the 80 acres of land now claimed by the Dormans, and that complete relief could not be given without cancelation of deeds and an accounting of rents and profits, and that the impeachment of the decree would only be a predicate to further and necessary relief, this action will lie. The judgment of the district court was erroneous to the extent that it denied plaintiff relief as to the Dorman real estate, but correct as to the remainder of the land sold in the partition proceedings.

It is therefore recommended that the decree of the district court be affirmed as to defendants Nunemaker and as to the land referred to in the pleadings as situated in section 7, but that it be reversed and the case remanded for further proceedings as to defendants Dorman and the south half of the southeast quarter of section 12, in town 5, range 1 east of the sixth P. M., in Saline county.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is affirmed as to defendants Nunemaker and as to the land referred to in the pleadings situated in section 7, but it is reversed and the cause remanded for further proceedings as to defendants Dorman and the south half of the southeast quarter of section 12, in town 5, range 1 east of the sixth P. M., in Saline county.

JUDGMENT ACCORDINGLY.