BLAINE COUNTY NATIONAL BANK, a Corporation, Appellant, v. TENA TIMMERMAN, Respondent.

[245 Pac. 389.]

MOTION FOR CONTINUANCE — DISCRETION OF COURT — HUSBAND AND WIFE — DURESS AND FRAUD OF HUSBAND IN PROCURING CONTRACT FROM WIFE—EFFECT—COMPROMISE AND SETTLEMENT PROCURED BY FRAUD — LACK OF CONSIDERATION FOR CONTRACT — EVIDENCE — DEFENSES AGAINST HUSBAND'S ASSIGNEE — ENCUMBRANCE OF COMMUNITY PROPERTY OR SEPARATE PROPERTY OF WIFE BY HUSBAND.

1. Although affidavits on motion for continuance relative to ability to secure presence of witness were conflicting, appellate court is not warranted in disturbing conclusion of trial court.

2. Uncontradicted evidence of duress and fraud on part of husband in securing contract from wife relative to disposition of property, although meager, *held* sufficient to warrant wife in breaking contract.

3. Compromise or settlement concludes parties with reference to merits of settled controversy and adequacy of consideration only when there is no mistake, deceit, constraint or fraud and relief will be afforded against compromise procured by fraud, duress, force or mutual mistake, providing contract is not illegal or void as contrary to statute or public policy.

4. Where fraud and duress on part of husband in procuring agreement for settlement of property from wife was proved, wife, in action by assignee for breach of agreement, was properly permitted to urge as lack of consideration invalidity of claims urged by her husband against estates of her mother and brother, release of which claims was partial consideration for entering into agreement.

5. In action by husband's assignee for breach of contract between husband and wife on separation, wherein husband agreed to satisfy mortgages given by him on wife's property in consideration of her paying him certain portion of value, uncontradicted evidence that such property was in fact the sole and separate property of wife was admissible.

6. Assignee of husband's contract with wife relative to property settlement on separation stands in no better position than husband, and any defenses which could have been urged against him will have like operative force against assignee.

7. Conditional admission of evidence was not prejudicial where jury acted only in advisory capacity, and decree was supported by findings of fact and conclusions of law.

8. Where compromise agreement between husband and wife, whereby husband was to satisfy mortgages given by him on wife's property in consideration of her paying him portion of value, was obtained by fraud on part of husband, wife may show that she was entitled to retain property independent of compromise agreement, and need not offer to return amount of mortgages paid by husband.

9. Under C. S., sec. 4666, prohibiting husband from encumbering community property without consent of wife, and section 4657, giving wife exclusive control of her sole and separate property, mortgages given by husband without consent of wife, on community property, or on separate property of wife, are void, and

wife has right to their release, regardless of compromise agreement on separation whereby husband agreed to satisfy mortgages given by him.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. H. F. Ensign, Judge.

Action for breach of agreement. Judgment for respondent. *Affirmed.*

J. G. Hedrick and B. W. Oppenheim, for Appellant.

Where a compromise has been effected and all matters in dispute have been settled by the compromise, the consideration for the contract cannot be attacked or the question as to the validity of the claims or the matters in dispute cannot be inquired into in an action for the enforcement of the contract, as they are merged into the contract and are binding upon both of the parties to the agreement. (*Armijo v. Henry*, 14 N. M. 181, 89 Pac. 305, 25 L. R. A., N. S., 275, and notes; *Kendall v. Rossi*, 35 R. I. 451, 87 Atl. 186, 45 L. R. A., N. S., 985; *Dickie v. Steiger*, 4 Cal. App. 622, 88 Pac. 814; *Russell & Barbour v. Lambert*, 14 Ida. 284, 94 Pac. 54; *Swem v. Green*, 9 Colo. 358, 12 Pac. 202; *Russell v. Daniels*, 5 Colo. App. 224, 37 Pac. 726; *Logsdon v. Hudson*, 83 Kan. 500, 112 Pac. 118; *Kiler v. Wohletz*, 79 Kan. 716, 101 Pac. 474, L. R. A. 1915B, 11; *Adams v. Hopkins*,

Publisher's Note.

1. See 6 R. C. L. 544.
3. See 5 R. C. L. 895.
6. See 2 R. C. L. 629.

See Appeal and Error, 4 C. J., sec. 2831, p. 845, n. 87; p. 846, n. 99; sec. 2948, p. 963, n. 68.

Assignments, 5 C. J., sec. 150, p. 963, n. 20, 28; sec. 172, p. 978, n. 34.

Compromise and Settlement, 12 C. J., sec. 35, p. 340, n. 23; sec. 42, p. 346, n. 93; sec. 43, p. 347, n. 98; sec. 45, p. 348, n. 9; sec. 58, p. 356, n. 11; sec. 63, p. 359, n. 42.

Husband and Wife, 30 C. J., sec. 313, p. 712, n. 14; sec. 522, p. 848, n. 8; sec. 785, p. 1022, n. 1; sec. 796, p. 1028, n. 38 New; 31 C. J., sec. 1212, p. 128, n. 60.

144 Cal. 19, 77 Pac. 712; *Wells v. Neff,* 14 Or. 66, 12 Pac. 84, 88; *Thayer v. Buchanan,* 46 Or. 106, 79 Pac. 343.)

Plaintiff objected to any evidence under the answer or defense of undue influence upon the ground that defendant was attempting to rescind the contract without alleging or proving that she was willing to place the other party *in statu quo.* This is essential in the absence of any allegations or equitable reasons for not doing so, and evidence should not have been admitted under this defense. (*Weber v. Pend D'Oreille Min. etc. Co.,* 35 Ida. 1, 203 Pac. 891; *Wells v. Neff,* 14 Or. 66, 12 Pac. 88.)

From the fact that defendant accepted all of the benefits of the contract and waited until there was no possibility of plaintiff or her former husband being placed back where they were before the contract was signed, and without protesting to the bank or anyone else, after she knew all of the facts constituting a defense to the contract, she would be estopped at this time to deny the validity of the same. (*Carlisle v. National Oil Co.,* 108 Okl. 18, 234 Pac. 629.)

Barber & Barber and Leo M. Bresnahan, for Respondent.

"While a compromise agreement . . . . will be deemed sufficient consideration to support an agreement to pay, . . . . it is still essential that the claim so asserted should have some basis upon principles of law or equity, and where one, under the influence of threats or persuasion and for the purpose of avoiding a present or threatened embarrassment, agrees to pay or recognize a claim which has no foundation either in equity or law, such agreement is without consideration and void." (*Vane v. Towle,* 5 Ida. 471, 50 Pac. 1004; *Heath v. Potlatch Lumber Co.,* 18 Ida. 42, 108 Pac. 343, 27 L. R. A., N. S., 707.)

The pretended mortgages were of no effect; the property being the separate property of the wife, she alone could encumber. Even had it been community property the mortgages would have been void. (C. S., sec. 4666; *McKinney v. Merritt,* 35 Ida. 600, 208 Pac. 244.)

Neither did the stale and fraudulent claims against the estates of the mother and brother, nor the claim to com-

munity rights in the separate estate of respondent, invest either the husband or appellant as his assignee with any enforceable right—nor would they or any of them in anywise support the alleged contract. (9 Cyc. 341; 13 C. J., Contracts, sec. 197, note 71.)

"The modern tendency of courts of law is to regard any transaction as voidable which the party seeking to avoid was not bound to enter into and which was coerced by fear of a wrongful act by the other party to the transaction." (3 Williston, Contracts, pp. 2829, 2830, 2837; Pollock, Contracts, 9 Eng. ed. 640; *Harris v. Cary*, 112 Va. 362, Ann. Cas. 1913A, 1350, 71 S. E. 551.)

Plaintiff, as assignee of the husband, is subject to the same burden, as its rights can be no greater than were the rights of the husband in the premises. (2 Elliott on Contracts, 1440, note 70, 1457; *Thomassen v. DeGoey*, 133 Iowa, 278, 119 Am. St. 605, 110 N. W. 581; *Childs v. Neitzel*, 26 Ida. 127, 141 Pac. 77.)

"The general rule that one receiving money in discharge of a liability must restore it before he can avoid the contract for fraud does not apply if in any event he is entitled to retain the amount received." (*Fox v. Hudson, etc.*, 150 Ky. 115, Ann. Cas. 1914A, 832, 150 S. W. 49; *Collier v. Collier*, 137 Ga. 658, Ann. Cas. 1913A, 1110–1114, 74 S. E. 275; *Reggio v. Warren*, 207 Mass. 525, 20 Ann. Cas. 1244, 93 N. E. 805, 32 L. R. A., N. S., 340; *Hilton v. Hilton*, 54 Cal. App. 142, 201 Pac. 337.)

GIVENS, J.—Tena Timmerman Knifong and Sidney Thomas Knifong were husband and wife. Disagreements affecting their marital relations and property rights had arisen. The husband had given to the Blaine County National Bank and the Belleview State Bank, respectively, two mortgages on a piece of real property which the wife claimed to be her sole and separate property, contending that the husband had no authority to mortgage the same and that she had not acquiesced therein. The husband had filed claims against the estates of his wife's deceased mother and brother; the wife in turn had caused to be filed a suit by the

public administrator against the husband and the Bellevue State Bank and the Blaine County National Bank. The wife also had filed a suit for divorce against the husband on the grounds of cruelty.

Husband and wife, Nov. 13, 1919, made a mutual agreement, adjustment and settlement of the foregoing property rights, providing; that the real property covered by the mortgages should be and remain the sole and separate property of the wife, the husband to quitclaim his right, title and interest therein to her and have the mortgages in favor of the banks immediately satisfied and released; that the wife would, within three years, sell all of one piece of property for not less than $57.50 per acre and out of the net proceeds pay to the husband one-fourth thereof, and that in the event she failed to so sell the property she would pay the husband or his assigns one-fourth of the value of said property based upon $57.50 per acre less mortgage indebtedness; that all of the household effects and furniture should become the property of the wife; that the husband would withdraw his claims against the estates of his wife's mother and brother and that the wife would have dismissed the action by E. L. Reed, public administrator, against the husband and the two banks, and further that the husband would pay certain interest and taxes on the property for the current year, with the further provision that if the husband or his assigns upon receiving the *pro rata* share from the property should fail to file an acknowledgment of full satisfaction of all claims against said piece of property that the wife might proceed as upon failure to satisfy a mortgage after the same had been fully paid. It was declared that time was of the essence and that if the husband failed to perform, the agreement would be null and void, any sums received by the wife to be applied as liquidated damages and rental.

Thereafter the mortgages were released and the husband assigned his rights, etc., under the contract in question to the Blaine County National Bank; he also withdrew his claims as against the two estates. However, there was evidence and the court found that in violation of the terms of the agreement Knifong removed the household furniture

and effects from the premises and kept and retained the same; and the wife, together with E. L. Reed, public administrator, dismissed the action against the husband and the two banks. The wife secured her divorce and refused to either sell the property in question or to pay to the bank as assignee of her former husband the $57.50 per acre.

The defendant, now Tena Timmerman, as a defense urged that the agreement had been procured from her by duress and fraud and that the same was without consideration. The duress and fraud consisted in substance of threats on the part of her former husband that he would, in the divorce action then pending and in other actions which would be brought concerning the property in the nature of foreclosures, etc., make charges against her character and virtue, and that he continually harassed and annoyed her in his attempt to coerce her into acknowledging that the real property in question was community property, and that his claims against the estates of her deceased mother and brother were valid; that the further enforcement of such claims was and would be extremely humiliating to the defendant and that she was thereby greatly distressed and perturbed; that as a matter of fact her former husband later acknowledged to her that his accusations against her character were untrue and that his charges in connection therewith and the claims against the estates of her deceased relatives were without foundation and were made for the sole purpose of getting her to sign the contract. The defendant also alleged that the bank had full knowledge that the property was her sole and separate property and that the writing was given without consideration to her former husband. She also urged by way of cross-complaint that the contract was a cloud upon her property and asked that it be esteemed of no force and effect and that her title be quieted.

The case was tried to the court on the equity side, a jury being called in an advisory capacity and certain interrogatories propounded were answered by the jury in favor of the defendant; the court later made findings of fact and conclusions of law to the effect that the contract had been

procured by duress and fraud, and without consideration, and entered his decree in favor of the defendant.

The bank appeals on the ground that the defendant did not place or offer to place the bank *in statu quo* and that the evidence was insufficient to show a failure of consideration and, as an incident to the last point, that the court improperly allowed the defendant to offer evidence in connection with the invalidity of her former husband's claims against the estates of her mother and brother.

[1] The appellant also urges as error the refusal of the trial court to grant a continuance or reopen the case for the purpose of allowing the plaintiff to procure the attendance and testimony of Knifong. Affidavits in connection with this matter were presented by both parties. Those on behalf of the bank show that Knifong had left Hailey some time before the action was tried without leaving any address and that the attorney for the bank had endeavored to secure his presence without avail and that he was not in Hailey at the time of trial. The affidavits on respondent's behalf were to the effect that the said Knifong was in Hailey at the time of the trial and therefore that his presence could have been secured. Though the affidavits are conflicting we are not warranted in disturbing the conclusion of the trial court. (*Jenkins & Co., Bankers, v. McKenzie,* 41 Ida. 76, 238 Pac. 294.)

[2] There then remained as mutually stated by the parties two questions: Whether or not there was any consideration for the contract and whether it was procured through undue influence or under duress. While meager, there is some evidence of duress and there is more substantial evidence of fraud, particularly in connection with the threatened accusations against the defendant's character, and the testimony of defendant concerning the admissions which she claimed Knifong made to her is somewhat corroborated by a letter written by Knifong to the defendant. The testimony of the defendant in this regard is not contradicted and is sufficient. (*McDougall v. McFall,* 37 Ida. 209, 215 Pac. 847.)

[3, 4]  In connection with the failure of consideration appellant urges that the agreement of compromise or settlement concludes the parties with reference to the merits of the controversies that were settled and the adequacy of the consideration.  To such general rule, however, there is this exception; that the same operates only where there is no mistake, deceit, constraint, or fraud, and that relief will be afforded against a compromise procured by fraud, duress or executed under a mutual mistake as to material facts, providing that the contract is not illegal or void because contrary to statute or public policy.  Fraud and duress being alleged, and, so far as the record goes, having been proved, it was proper for the defendant to urge as a lack of consideration the invalidity of the claims made by Knifong against the estates of her mother and brother, which were some of the matters compromised.  (*Vane v. Towle,* 5 Ida. 471, 50 Pac. 1004; *Heath v. Potlatch Lumber Co.,* 18 Ida. 42, 108 Pac. 343, 27 L. R. A., N. S., 707; 6 R. C. L., sec. 71, p. 662; Elliott on Contracts, sec. 237, pp. 413–417; *Parker v. Parker,* 102 Iowa, 500, 71 N. W. 421; *Gering v. School Dist. No. 28,* 76 Neb. 219, 107 N. W. 250), and there is evidence tending to show that these claims were without foundation.

[5]  The evidence, which is uncontradicted, that the real property covered by the two mortgages in question was in fact the sole and separate property of the wife, was admissible.

[6]  Appellant herein as assignee stands in no better position than Knifong.  (*Childs v. Neitzel,* 26 Ida. 127, 141 Pac. 77; 5 C. J., sec. 150, p. 962, sec. 172, p. 978; 2 R. C. L., sec. 39, p. 629; *Thomassen v. De Goey,* 133 Iowa, 278, 119 Am. St. 605, 110 N. W. 581; *Boatman's Bank v. Fritzlen,* 175 Fed. 183; *Jack v. Wicheta Nat. Bank,* 17 Okl. 430, 89 Pac. 219; *Watrous v. Hilliard,* 38 Colo. 255, 88 Pac. 185; 2 Elliott on Contracts, 1440, 1457.)  Since the respondent could have urged against Knifong the defenses herein considered, the same will have like operative force against appellant.

[7]  Many errors are assigned in connection with the rulings of the court upon the admission of evidence, in sev-

eral instances the court admitting the evidence with the understanding that if he should deem it inadmissible it would be stricken.   The record does not show that he took such action before the jury retired to consider upon its verdict, and the instructions to the jury were insufficient to present the issues to them, but while such practice, that is, the conditional admission of evidence, is not commended, since the jury acted only in an advisory capacity and the findings of fact and conclusions of law were sufficiently supported by the evidence to authorize the decree entered, such rulings of the trial court were not prejudicial.

[8]   It appears from the record that before the defendant and Knifong were married the property in question was encumbered in the amount of $800, which amount was, after their marriage, increased to $1,800, both parties signing the mortgage.   This sum was the only amount shown to have benefited the wife's sole and separate property and is not included in either of the two mortgages executed by Knifong, but is the amount of the mortgage indebtedness which was to be subtracted from the sale of the land under the mutual agreement between the parties.   If the compromise agreement was obtained by fraud the party defrauded, as justification for not offering to return or returning whatever consideration was received, may show that they were entitled to retain the property they had received independent of the compromise agreement.   If they were so entitled to the consideration they need not offer to return it.   (4 R. C. L., sec. 24, p. 513; *Collier v. Collier,* 137 Ga. 658, Ann. Cas. 1913A, 1110, 74 S. E. 275; *Reggio v. Warren,* 207 Mass. 525, 20 Ann. Cas. 1244, 93 N. E. 805, 32 L. R. A., N. S., 340; *Locke-Paddon v. Locke-Paddon,* 194 Cal. 73, 227 Pac. 715; *Fox v. Hudson,* 150 Ky. 115, Ann. Cas. 1914A, 832, 150 S. W. 49; 12 C. J., sec. 58, p. 356.)

[9]   It is well settled in this state that the husband cannot encumber or convey community real property without the wife joining and acknowledging the instrument of conveyance or encumbrance (*McKinney v. Merritt,* 35 Ida. 600, 208 Pac. 244; C. S., sec. 4666; *Fargo v. Bennett,* 35 Ida. 359, 206 Pac. 692; *Knudson v. Lythman,* 33 Ida. 794, 200 Pac. 130), and such an instrument which is not executed

and acknowledged by the wife is void and unenforceable. Under C. S., sec. 4657, the wife has the management, control and absolute power of disposition of her sole and separate property and the husband has no right to encumber or convey the wife's sole and separate property without her consent. (30 C. J., sec. 522, n. 8, p. 848.) These two mortgages not executed by or with the consent of the wife would be likewise as void and unenforceable as a mortgage on the community property under like circumstances and their release was a right the wife had regardless of the compromise.

The decree is therefore affirmed. Costs awarded to respondent.

William A. Lee, C. J., and Wm. E. Lee and Budge, JJ., concur.

TAYLOR, J., Dissenting.—I cannot concur in holding that there was any evidence sufficient to support a finding of duress. There was also evidence of sufficient consideration to support the contract sued upon. There is no other fraud charged, except in producing, bringing about or enforcing the duress. The acts are not charged as fraud to deceive, but as fraudulently done to produce the duress. The contract does not, therefore, fall in the class of those void, as against which the defense might be interposed no matter what the lapse of time, but as voidable, in which case the party must elect, in due and timely manner to disaffirm or allow her contract to stand.

"Acts induced by duress such as is here relied on, which operates only on the mind and falls short of actual physical compulsion, are not void in law, but are voidable only at the election of him whose act was induced by it. *Andrews v. Connolly,* 145 Fed. 43, 46; . . . .

"In that situation she was subject to the requirement of equity that an election to disaffirm and to recall the legal consequences of an act which has operated to alter legal rights by transferring them to others, must be exercised promptly. *Andrews v. Connolly* and other cases cited, *supra,* show how this requirement is applied in cases of duress."

Points Decided.

(*Barnette v. Wells Fargo Nevada National Bank*, 270 U. S. 438, 46 Sup. Ct. 326, 70 L. ed. 372 (March 15, 1926).)

In the absence of fraud other than the duress to establish which there was no sufficient evidence, and even to rely upon which the defendant must have exercised her right promptly, the consideration for the contract cannot be attacked, and the question as to the validity of the claims or matters in dispute cannot be inquired into in an action for its enforcement, as they are merged in the contract, especially where it can be and must be ascertained that there was some valid consideration.